**Jon William HARPER et al., Plaintiffs,**

v.

**MONTEAGLE INN, INC. et al., Defendants.**

**No. CIV–4–77–20.**

United States District Court, E. D. Tennessee, Winchester Division.

April 27, 1978.

See also, D.C., 498 F.Supp. 910 and 498 F.Supp. 914.

**914**

J. D. Lee, Madisonville, Tenn., for plaintiffs.

John D. McMahan, Fred M. Milligan, Chattanooga, Tenn., and John M. McCord, Tullahoma, Tenn., for defendants.

NEESE, District Judge.

■ The defendants Louisville and Nashville Railroad Company and Mr. Schearer moved the Court to strike all allegations of the plaintiffs' amended complaint herein relating to the former's failure to establish and maintain warning signs, signals, gates, lights, etc. at its crossing involved herein. The thrust of such motion is that, under Tennessee law, there was no duty upon it to erect or maintain any of the same. The plaintiffs failed to make a timely response to such motion, local Rule 12(b), and are thus deemed to have waived any opposition thereto, local Rule 11(f).

While a motion to strike under Rule 12(f), Federal Rules of Civil Procedure, appears to be an inappropriate procedural device for the relief sought by the movants, the Court hereby TREATS such motion as one under Rule 12(b)(6), Federal Rules of Civil Procedure, directed at the plaintiffs' failure to state a claim upon which relief can be granted. *Drewett v. Aetna Casualty & Surety Company*, D.C.La. (1975), 405 F.Supp. 877, 878[1]. Such motion has merit.

■ As this Court has stated on an earlier occasion:

   * * * the plaintiffs are not permitted to allege as an act of negligence any failure of the defendant [railroad] to establish and maintain adequate warning signs, devices or other safety appliances. " * * * The railroad was not required by Tennessee law to erect warning signs at crossings. That was the function of the overseers of public roads. Section 65–1208, Subsection (1) 1955 Tennessee Code Annotated. * * *" *Wallace v. Louisville and Nashville Railroad Company*, C. A. 6th (1964), 332 F.2d 97, 99[2]. * * *

*Charlene McCormick, Etc.*, plaintiffs, v. *Louisville & Nashville Railroad Company*, defendant, civil actions nos. 1150, 1151, this district and division, memorandum opinion of June 26, 1973. Thus, the railroad could obviously not be guilty of any act of negligence for its failure to establish and maintain any such devices as alleged in the amended complaint.

The aforementioned motion hereby is GRANTED, and the aforementioned allegations hereby are DISMISSED for failure to state a claim upon which relief can be granted.