**E. Richard GIFFORD, Plaintiff,**

v.

**B. D. DIAGNOSTICS et al., Defendants.**

**No. C77–890.**

United States District Court,
N. D. Ohio, E. D.

Aug. 18, 1978.

Robert D. Archibald, Steven G. Janik, Firm of: McNeal, Schick & Archibald, Cleveland, Ohio, for plaintiff.

Ronald L. Coleman, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

This matter comes before the Court on Motion of Defendants to Strike Plaintiff's Prayer for Compensatory Damages for Injuries to Mind and Body and for Punitive Damages and to Strike Plaintiff's Demand for Jury Trial. The action was instituted pursuant to 29 U.S.C. § 621 *et seq.*, the "Age Discrimination in Employment Act of 1967, as Amended" (ADEA), 29 U.S.C. § 626 *et seq.*, and 29 U.S.C. § 201 *et seq.* The complaint demands compensatory and punitive damages, attorney fees, expenses, and "any and all other relief which the Court deems proper and just.

Whether a plaintiff in an ADEA case is entitled to a jury trial on request was a question addressed and settled recently by the Supreme Court in *Lorillard v. Pons,* 434 U.S. 575, 585, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978). Justice Marshall stated:

We are . . . persuaded that Congress intended that in a private action under the ADEA a trial by jury would be available where sought by one of the parties.

The second question raised by defendant's Motion, regarding the type of damages available under the ADEA, is more complicated. Defendant's objection questions the availability of two distinct types of damages under the ADEA: (1) compensatory damages for injury to "mind and body," and (2) punitive damages.

As to the availability of the first type, compensatory damages for pain and suffering, there is a difference of opinion among the courts that have considered the question. The leading case relied upon by defendants is *Rogers v. Exxon Research & Engineering Co.,* 550 F.2d 834 (3rd Cir. 1977), wherein the Court held that "damages for 'pain and suffering' or emotional distress cannot properly be awarded in ADEA cases." 550 F.2d at 842. The Court based its conclusion on 29 U.S.C. § 626(b), which reads:

Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for *purposes of sections 216 and 217 of this title: Provided,* That liquidated damages shall be payable only in cases of wilful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to *grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation* judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. (emphasis added)

The Court then concluded that this section limited the type of damages recoverable under the ADEA to the "amount of lost earnings," and thus disallowed the "subjective" measure of "pain and suffering" damages.

■ This Court believes that a different interpretation should be placed upon the statutory language, and, thus, respectfully declines to adopt the reasoning and holding in *Rogers*. It appears that the phrase "for purposes of sections 216 and 217 of this title," italicized above, which modifies "amounts owing . . . shall be deemed to be unpaid minimum wages or unpaid overtime compensation," indicates only a means of calculating liquidated damages by reference to 29 U.S.C. §§ 216 and 217, the Fair Labor Standards Act. It does not in any way limit the calculation of the "amounts" in the first place. Rather "amounts" are limited only by the following description: "such 'legal or equitable relief as may be appropriate to effectuate the purposes of this Chapter . . . without limitation.' "

The Court in *Rogers* seems to consider that compensatory damages for pain and suffering, or "psychic distress," are punitive in nature. On the contrary, a review of the case law demonstrates that pain and suffering damages are a recognized form of compensatory, legal damages.* It is difficult to see how awarding this type of legal damages would interfere with the "penalty provisions of the Act." 550 F.2d at 840. Evidently, as Judge Decker pointed out in *Bertrand v. Orkin Exterminating Co.*, 432 F.Supp. 952 (N.D.Ill.1977), the Court was concerned that juries would misunderstand the distinction and unfairly penalize employers in figuring amounts due as "compensation" for injury. As the *Bertrand* decision concludes, however, "the possibility that a jury may misapply the law should not justify the . . . surrender of a legal weapon provided by Congress." 432 F.Supp. at 954.

Furthermore, it is clear that some members of the Congress considered the emotional trauma surrounding age discrimination to be a "damage" resulting therefrom.

*See, e. g.,* 113 Cong.Rec. 31254 (Remarks of Sen. Javits); 113 Cong.Rec. 34745 (Remarks of Rep. Eilberg); 113 Cong.Rec. 37471 (Remarks of Sen. Steiger). This expressed concern plus the broad language of 29 U.S.C. § 626(b) allowing "such legal or equitable relief as may be appropriate to effectuate the purposes of this Chapter . . . without limitation," seems more than enough to justify an award of damages for pain and suffering. These factors lead this Court to disagree with Judge Weis' conclusion that Congress' silence as to this matter "allowed no alternative" but to deny these damages. 550 F.2d at 842.

■ This Court, in concurrence with what it believes to be the better reasoned decisions, concludes that compensatory damages for pain and suffering are obtainable under the ADEA. *See also Locascio v. Teletype Corp.,* 74 F.R.D. 198 (N.D.Ill.1977); *Coates v. National Cash Register Co.,* 433 F.Supp. 655 (W.D.Va.1977).

The last question, as to the availability of punitive damages, is answered by the Act itself. Section 626(b), by reference to the FELA liquidated damages sections, 29 U.S.C. §§ 216 and 217, provides that the amounts found owing under the ADEA are to be doubled to arrive at a liquidated damages figure. The limitation of liquidated damage awards to compensation for "willful" violations indicates that they have the effect of a penalty.

■ It is unlikely that Congress intended to allow a penalty of punitive damages to be awarded in addition to the penalty of liquidated damages. Thus, it seems reasonable to conclude, with the two Courts of Appeals which have addressed the issue, that liquidated damages are to take the place of punitive damages under the ADEA. *Dean v. American Security Ins. Co.,* 559 F.2d 1036 (5th Cir. 1977); *Rogers v. Exxon Research & Engineering Co., supra.*

---

* Although the court was correct in concluding that psychic or emotional distress is not "necessarily" compensated for in either tort or contract law, its citations to *W. Prosser, Law of Torts* § 12 (1971 ed.), and 5 *A. Corbin, Contracts* § 1076 are misplaced. The reservation expressed by both authors extends only to compensating "mental anguish" without physical damage. The damages sought in the instant case and in *Rogers* were for emotional trauma accompanying physical damage. Such damage is commonly compensated in tort.

Based upon these conclusions, the following disposition is made of defendant's Motion:

(1) The Motion to Strike Plaintiff's Prayer for Compensatory Damages for Injuries to Mind and Body is denied.

(2) The Motion to Strike Plaintiff's Prayer for Punitive Damages is granted, but plaintiff is granted leave to amend his complaint to include a plea for liquidated damages.

(3) The Motion to Strike Plaintiff's Demand for Jury Trial is denied.

IT IS SO ORDERED.