**Myles T. FLYNN, Plaintiff,**

v.

**MORGAN GUARANTY TRUST COMPA- NY OF NEW YORK, Defendant.**

No. 78 C 2113.

United States District Court, E. D. New York.

Jan. 8, 1979.

William R. Johnson, Brooklyn, N. Y., for plaintiff.

Davis, Polk & Wardwell, New York City (Bartlett H. McGuire and Christian J. Mixter, New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action under the Age Discrimination in Employment Act of 1967, ("the Act"), 29 U.S.C. § 626, claiming that defendant bank in terminating his employment on March 15, 1978, discriminated on the basis of age. Plaintiff alleges that he is forty-two years old, that he was employed by defendant as an Assistant Secretary in the Stock Transfer Department in charge of night operations, that defendant informed him of its plans to close this department and assured him of an offer of a job elsewhere in the bank, that other night employees younger and less experienced than he were transferred to positions for which he was better qualified, and that defendant thereafter told him that no position was available for him. Plaintiff seeks reinstatement, back wages and damages for other economic deprivation and for physical and mental suffering.

Defendant has moved for partial dismissal of plaintiff's complaint, in particular paragraph 16, which alleges that his termination was in violation of Title VII of the Civil Rights Act of 1964, and paragraph 17 of the complaint, which alleges physical and mental suffering, and paragraph 2 of the demand for relief, which claims monetary damages other than lost wages. Defendant argues that plaintiff has asserted no facts supporting his claim of a Title VII violation. Defendant also maintains that only back pay and not other compensatory damages are recoverable under the Act. Because of the importance of the latter issue, the court will consider it first.

*Compensatory Damages Under the Act*

The Court of Appeals for the Second Circuit has not yet decided whether compensatory damages may be awarded under the Act, and the issue is one which has divided other federal courts. Three circuit courts have concluded that damages available under the Act are restricted to those specified in section 7(b), 29 U.S.C. § 626(b). *See Vazquez v. Eastern Air Lines, Inc.,* 579 F.2d 107 (1st Cir. 1978); *Dean v. American Sec. Ins. Co.,* 559 F.2d 1036 (5th Cir. 1977), *cert. denied,* 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); *Rogers v. Exxon Research & Engineering Co.,* 550 F.2d 834 (3rd Cir. 1977), *cert. denied,* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978).

A number of district courts have awarded compensatory damages for pain and suffering and occasionally punitive damages. *See Kennedy v. Mountain States Tel. & Tel. Co.,* 449 F.Supp. 1008 (D.Colo.1978); *Walker v. Pettit Construction Co.,* 437 F.Supp. 730 (D.S.C.1977); *Coates v. National Cash Register Co.,* 433 F.Supp. 655 (W.D.Va.1977); *Combes v. Griffin Television, Inc.,* 421 F.Supp. 841 (W.D.Okl.1976); *Murphy v. American Motors Sales Corporation,* 410 F.Supp. 1403 (N.D.Ga.1976). *Contra, Seider v. Canada Dry Corp.,* 17 Empl. Prac.Dec. ¶ 8369 (S.D.N.Y.1978); *Jaeger v. American Cyanamid Co.,* 442 F.Supp. 1270 (E.D.Wis. 1978); *Travers v. Corning Glass Works,* 76 F.R.D. 431 (S.D.N.Y.1977); *Postemski v. Pratt & Whitney Aircraft,* 443 F.Supp. 101 (D.Conn.1977); *Looney v. Commercial Union Assur. Companies,* 428 F.Supp. 533 (E.D. Mich.1977).

Despite this conflict the Supreme Court has heretofore denied certiorari in cases raising the issue. In the absence of higher authority in this circuit this court must choose between the conflicting decisions.

The remedy provisions of the Act, contained in section 7(b) of the Act, provide:

"Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title [the Fair Labor Standards Act]: *Provided,* that liquidated damages shall be payable only in cases of willful violation of

this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section."

29 U.S.C. § 626(b). Section 7(c) permits "[a]ny person aggrieved [to] bring a civil action in any court of competent jurisdiction for such legal and equitable relief as will effectuate the purposes of this chapter . . . ." 29 U.S.C. § 626(c).

The enforcement provisions of the Act thus make explicit reference to the Fair Labor Standards Act ("FLSA"), and the enforcement procedures and remedies of the FLSA were incorporated into the Act. *See Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). Damages available under the FLSA are limited to unpaid minimum wages or overtime compensation and an additional amount as liquidated damages. 29 U.S.C. § 216(b). Compensatory damages have not been awarded. *See, e. g., Banner v. Elizabeth Arden, Inc.,* 177 F.2d 703, 705 (2d Cir. 1949). If the scope of the remedy available under the Act is identical to that under the FLSA, plaintiff may not claim compensatory damages.

The pertinent language of section 7(b), however, is broader than that contained in the FLSA and recites that a court may award "such legal or equitable relief as may be appropriate to effectuate the purposes" of the Act. This language suggests that in proper circumstances courts are not limited to the FLSA remedies. *See Vazquez v. Eastern Air Lines, Inc., supra,* 579 F.2d at 110–11. The issue is whether damages as so limited would provide relief to victims of age discrimination "appropriate to effectuate the purposes" of the Act. This court concludes, contrary to the decisions of the Courts of Appeals in the First, Third and Fifth Circuits, that compensatory damages may be essential to that end.

The Congressional debates concerning the Act show awareness and concern that the effects of age discrimination are not solely economic. The process of aging may be anxiety-producing. To force an older worker to retire despite continued willingness to, and belief in an ability to, work effectively can inflict a serious blow to one's self-esteem as well as to one's pocketbook. While the average American's life span and period of productivity have been expanding, misunderstanding of the effects of aging and industry's emphasis on youth have produced a class of functionless older Americans. The effect of such forced immobilization is felt not only by the marketplace, which loses the use of experienced and productive workers, but by older workers who are convinced they have become useless. As Senator Young stated,

"I have long felt it is a particular tragedy to amputate a human being's function, to strip productive persons of their skills, cheating them of the dignity of continued self-support. These are the consequences of forced retirement. It squeezes useful, healthy people out of the mainstream of society into a drab tributary on its fringe." 113 Cong.Rec. 31256 (1967).

In light of the psychological effects of age discrimination, the remedies of reinstatement and back pay may not be sufficient to afford adequate relief. Even prompt reinstatement and recovery of lost earnings may not alleviate the workers' fears about their diminished capacity, fears that have been reinforced by their dismissal. Such injuries can only be redressed through damages for pain and suffering.

Since Congress recognized the probable psychological harm resulting from age discrimination, it is fair to infer that compensatory damages were contemplated to compensate the victim adequately. Several district courts have reasoned that Congress intended to create a new statutory tort and that the panoply of usual tort remedies is available to obtain recompense for all provable damages. *See, e. g., Coates v. National Cash Register, supra* 433 F.Supp. at 664 (W.D.Va.1977); *Rogers v. Exxon Research*

*and Engineering Company*, 404 F.Supp. 324, 327 (D.N.J.1975). Whether or not the Act is so viewed, permitting the remedy of compensatory damages will effectuate the Act's purposes as stated in the Congressional debates: to "make whole" victims of age discrimination and to bring about awareness of the economic and psychological effects which result from such discrimination.

It is true that the Act is similar in its aims and substantive prohibitions to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and compensatory damages for pain and suffering have not been allowed under Title VII. That Title, unlike the Act, does not specifically authorize legal relief, *see* 42 U.S.C. § 2000e–5(g), and the choice of remedy is left to the court. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417–18, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). The Act contains an explicit directive to the courts to award relief appropriate to effectuate the Act's purposes. Moreover, damages for pain and suffering have been held to be an appropriate remedy for certain other forms of discrimination, notably discrimination in housing. See cases cited in *Coates v. National Cash Register, supra*, 433 F.Supp. at 664.

The appellate courts which have denied compensatory damages in private suits under the Act have concluded that to award such damages would be inconsistent with the compliance scheme intended as the primary means of remedy under the Act. The Act requires that prior to the commencement of a private action the aggrieved worker must notify the Secretary of Labor, who is given sixty days to seek voluntary compliance. 29 U.S.C. § 626(d). Moreover, the right to bring a private action terminates if the Secretary commences an action. 29 U.S.C. § 626(c). Those appellate courts have reasoned that to permit recovery of compensatory damages in private suits, when such damages would not be available in an administrative settlement or in a lawsuit brought by the Secretary, would discourage employees from settling their cases voluntarily. *See Dean v. American Sec. Ins. Co., supra*, 550 F.2d at 841.

The logic of the conclusion was, however, questioned by the court in *Vazquez v. Eastern Air Lines, Inc., supra*, 579 F.2d at 111, which noted that if the most an employer has to lose is back wages, possibly doubled for a willful violation (and reduced by any interim earnings), he may be unwilling to settle short of litigation. The court further quoted a report prepared by the Secretary of Labor containing statistics on activities under the Act in 1976, showing that only 32% of disputes in which the Secretary took action were resolved by conciliation. *Age Discrimination in Employment Act of 1967: A Report Covering Activities Under the Act During 1976 Submitted to Congress in 1977 in Accordance with Section 13 of the Act*, p. 11. In light of the dubious success of conciliation, the Court of Appeals for the First Circuit concluded that "the rationale of limiting an employee's remedies in order to promote conciliation attempts by the Secretary appears open to question." 579 F.2d at 111. The court in *Vazquez* nevertheless held that since a valid statutory purpose is to be attained by seeking voluntary compliance, compensatory damages are not necessary to guarantee effectuation of the Act's goals. 579 F.2d at 112.

This court is not persuaded that the availability of the remedy of compensatory damages will jeopardize the Secretary's efforts to obtain voluntary compliance and settlement. Moreover, once conciliation has failed, the allowance of a remedy for pain and suffering would serve to educate employers to the psychological effects of age discrimination and may encourage voluntary and rapid compliance, particularly where discrimination is more the product of ignorance than of ill will.

 This court concludes that compensatory damages are appropriate to effectuate the purposes of the Act, and that such a remedy may be awarded in appropriate cases. The allegation of physical and mental suffering and the demand for compensatory damages may remain part of the complaint.

*The Title VII Claim*

The complaint does not state facts showing a Title VII claim, but merely alleges that the termination was motivated by age discrimination. Plaintiff's affidavit in opposition to defendant's motion to dismiss does not object to the striking of paragraph 16, but requests leave to amend the complaint when the pending administrative proceedings on his Title VII charges are completed. Plaintiff's complaint filed with the New York State Division of Human Rights alleged both age and sex discrimination.

Leave to amend the complaint to include a cause of action under Title VII cannot be granted until plaintiff has received a right-to-sue letter from the Equal Employment Opportunity Commission. Within ninety days of receipt of such a letter plaintiff may move for leave to amend.

Defendant's motion to strike paragraph 16 of plaintiff's complaint is granted. Defendant's motion is otherwise denied. So ordered.