Barbara S. Fass, Cerney, McIlwrath, Fass & Yecies, Stockton, Cal., for plaintiff.

Diehl, Steinheimer & Norris, Stockton, Cal., for defendant.

**Clotilda A. HASSAN, Plaintiff,**

v.

**DELTA ORTHOPEDIC MEDICAL GROUP, INC., Defendant.**

**Civ. No. S–79–206 LKK.**

United States District Court, E. D. California.

Oct. 1, 1979.

## OPINION AND ORDER

KARLTON, District Judge.

Plaintiff has filed suit under the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.) alleging, inter alia, that she was fired by defendant because of her age, and replaced by a younger, less qualified person. Plaintiff seeks reinstatement, back pay, compensatory damages for pain and suffering, and attorney fees.[1]

Defendant has moved to dismiss the claim for compensatory damages for pain and suffering.[2] It argues that such compensation is not provided for in the statutes.

---

1. Age discrimination and its painful consequences are ancient concerns. The Psalmist wrote "Cast me not off in the time of old age; forsake me not when my strength failith." 71:9 Little has changed over the centuries. Congress, in more prosaic language found that "the incidence of unemployment, especially long-term unemployment with resultant deterioration of skill, morale, and employer acceptability is, relative to younger ages, high among older workers; their numbers are great and growing; and their employment problems grave . . ." 29 U.S.C. § 621(a)(3)

2. A motion to dismiss is appropriate to challenge the sufficiency of part of a pleading such as a single count or claim for relief. Wright & Miller, *Federal Practice and Procedure* § 1358; *Drewett v. Aetna Casualty & Surety Co.* (W.D. Pa.1975) 405 F.Supp. 877, 878.

Four circuits have denied such damages. See, *Slatin v. Stanford Research Inst.* (4th Cir. 1979) 590 F.2d 1292; *Vasquez v. Eastern Air Lines, Inc.* (1st Cir. 1978) 579 F.2d 107; *Dean v. American Security Ins. Co.* (5th Cir. 1977) 559 F.2d 1036, cert. den. 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); *Rogers v. Exxon Research & Engineering Co.* (3d Cir. 1977) 550 F.2d 834, cert. den. 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978). Nonetheless, many District Courts have found such damages appropriate and available. See, e. g. *Flynn v. Morgan Guaranty Trust Co.* (E.D.N.Y.1979) 463 F.Supp. 676 and cases cited therein; *Bertrand v. Orkin Exterminating Co.* (N.D.Ill. 1977) 432 F.Supp. 952.

The availability of compensatory damages for pain and suffering under the Age Discrimination in Employment Act remains unresolved by the Ninth Circuit and has not been considered by the United States Supreme Court. Thus this Court is free to consider the issue as one of first impression. See 1B Moore's Federal Practice § 0.402(1).

Congress enacted the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.) to ameliorate the conditions it found. The stated purpose of the Act is to "promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). It broadly prohibits age discriminatory hiring, classification, salary and labor practices. 29 U.S.C. § 629.

Certain provisions of the Age Discrimination in Employment Act parallel elements of Title VII (42 U.S.C. § 2000e et seq.) and the Fair Labor Standards Act (29 U.S.C. § 201 et seq.), but it also possesses distinguishing and unique characteristics.

The enforcement procedure is similar to Title VII procedures, in that charges must first be filed with the Secretary of Labor, who must attempt conciliation. After a requisite period, dependent on the type of discrimination, a private suit may be commenced in District Court.

No purpose would be served by this Court repeating the arguments that are exhaustively analyzed in the cases. Suffice to say that I am persuaded by the reasoning of *Flynn v. Morgan Guaranty Trust Co., supra,* and *Bertrand v. Orkin Exterminating Co., supra,* adopt their reasoning as my own, and hold that in an appropriate case compensatory damages for pain and suffering are available.

I write this opinion only to articulate an additional factor, apparently not considered by the previous cases, which I have found indicative of Congressional intent to provide for "pain and suffering damages."

Reference to damages is found in two sections of the Act: 29 U.S.C. § 626(b) provides, in pertinent part that:

"In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including *without limitation* judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion." (Emphasis added.)

Subsection (c)(1), on the other hand, provides:

"Any person aggrieved may bring a civil action in any court of competent jurisdiction *for such legal or equitable relief as will effectuate the purposes of this chapter*: . . . " (Emphasis added.)

Most of the courts confronting the issue of the availability of damages for pain and suffering have assumed, without discussion, that the appropriate relief is delineated in subsection (b) of 29 U.S.C. § 626. That section, which lists, without limitation, vari-

ous types of appropriate relief, appears to be directed to administrative and legal actions conducted by the Secretary, and has been the section interpreted as denying relief. Subsection (c)(1), however, is not so limited. That section, which is directed solely to actions brought in the District Courts by the aggrieved party, provides, without limitation or listing of appropriate relief, that the aggrieved may be awarded "such legal or equitable relief as will effectuate the purposes of this chapter." 29 U.S.C. § 626(c)(1).

A central rule of statutory construction requires that where possible, a statute should not be construed in such a way as to render any of its provisions superfluous or redundant. The Court is to give meaning to each word of the statute. See, e. g., *Patagonia Corporation v. Board of Governors of the Federal Reserve System* (9th Cir. 1975) 517 F.2d 803, 813, 2 A.D. Sands, Sutherland Statutory Interpretations § 46.-06 (Rev. 3 Ed. 1973).

Accordingly, the Court must account for the fact that Congress provided for relief in two separate sections, one carrying language construed by the circuit courts as qualifying, and the other without such qualification.

The legislative history of the Act does not provide any guidance to resolution of the issue; however, the best evidence of legislative intent is the text of the statute. *Patagonia, supra* at 813. Certainly such damages are conventional "legal relief" and Congress could have determined that broader relief for a private litigant than for suit brought by the Secretary would better effectuate the purposes of the Act.

Awarding damages for pain and suffering to a private grievant who prosecutes his or her own action could effectuate the purposes of the statute in at least two ways. First, the prospect of additional damages constitutes a powerful incentive to recalcitrant employers in settling matters with the Secretary during the administrative phase of an age discrimination action. Secondly, given the cost of private litigation, Congress may have permitted such damages as a further incentive to plaintiffs to vindicate their own rights when the Secretary is unable or unwilling to do so.

Whatever Congressional motives were at work, the fact is that the provisions must be considered separately and must be given independent effect. The broad expansive language of the statute, combined with Congressional concern for the psychological suffering of older persons denied employment opportunities clearly justifies the award of compensatory damages in a suit brought under the Age Discrimination in Employment Act. The dual structure of the relief provisions of the statute further supports this conclusion. While such damages may not be appropriate in every case, the question before me is not whether such damages should be awarded in the present case, but, given the standards for dismissal, whether such damages may ever be awarded. Since I have concluded that such damages may be appropriate, I must deny defendant's motion to dismiss.

IT IS SO ORDERED.