**Ruby A. WISE, Plaintiff,**

v.

**OLAN MILLS INCORPORATED OF TEXAS, Defendant.**

**Civ. A. No. 79–C–1441.**

United States District Court,
D. Colorado.

March 11, 1980.

---

Philip Burton Green, Denver, Colo., for plaintiff.

E. Lee Dale, Robert J. Whitley, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

The plaintiff filed this action pursuant to the Age Discrimination in Employment Act (the Act), 29 U.S.C. §§ 621 *et seq.*, claiming that the defendant unlawfully discharged her from employment because of her age. The defendant has filed a motion to strike "all allegations or references in the Complaint relating to pain and suffering or to punitive damages." The motion is denied.

The United States Court of Appeals for the Tenth Circuit has not yet decided whether general compensatory damages and exemplary damages may be awarded under the Act. These issues have evoked considerable conflict among the federal courts. The subject has been discussed at length in numerous opinions and no useful purpose would be served by belaboring it here. It is sufficient to refer to the thorough discussions in *Flynn v. Morgan Guaranty Company of New York,* 463 F.Supp. 676 (E.D.N.Y.1979) (damages for pain and suffering) and *Kennedy v. Mountain States Telephone & Telegraph Co.,* 449 F.Supp. 1008 (D.Colo.1978) (punitive damages), and cases cited in those two opinions. *See also Hassan v. Delta Ortho Medical Group,* 476 F.Supp. 1063 (E.D.Cal.1979).[1]

Despite the authority to the contrary, this Court is not convinced that general compensatory and exemplary damages may never be awarded, in any circumstances, in age discrimination cases. Counsel for the defendant contends that since no legal remedy for age discrimination was recognized by the common law, the plaintiff is limited to the remedies provided by the Act. That argument is indeed persuasive. But it does not dispose of the issue, for 29 U.S.C. § 626(b) defines, in the broadest of terms, the Court's authority to provide relief.

"In any action brought to enforce this Act the court shall have jurisdiction to grant *such legal* or equitable *relief as may be appropriate to effectuate the purposes of this Act,* including *without limitation* judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section." (Emphasis added).

Clearly, the only statutory limitation on granting traditional legal relief, such as general damages, is the requirement that the relief be "appropriate to effectuate the purposes" of the Act. Those purposes, as expressed in 29 U.S.C. § 621, are "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment."

Congress' clear intent to provide a full remedy for the actual harm caused by age discrimination in employment is further reflected in the "Statement of findings and purpose" in § 621. That section expresses specific concern about the "deterioration of skill, morale, and employer acceptability" resulting from unemployment among older workers. A worker whose skills deteriorate, whose employability (and self image regarding worth) declines, and whose morale suffers, may well be subject to serious emotional distress or depression. Such a

---

1. It should also be noted that at least four circuits have held that either or both types of damages sought in this case are not available under the Act. *See Slatin v. Stanford Research Institute,* 590 F.2d 1292 (4th Cir. 1979); *Vazquez v. Eastern Air Lines, Inc.,* 579 F.2d 107 (1st Cir. 1978); *Dean v. American Sec. Ins. Co.,* 559 F.2d 1036 (5th Cir. 1977), *cert. denied,* 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); *Rogers v. Exxon Research & Engineering Co.,* 550 F.2d 834 (3rd Cir. 1977), *cert. denied,* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978).

condition could make it very difficult to seek other employment, thus leading to extended unemployment. The Congressional intent to alleviate these problems simply cannot be effectuated in every case if the only remedies available are reinstatement, promotion, back pay, and possible double damages in cases of willful violations.

"In light of the psychological effects of age discrimination, the remedies of reinstatement and back pay may not be sufficient to afford adequate relief. Even prompt reinstatement and recovery of lost earnings may not alleviate the workers' fears about their diminished capacity, fears that have been reinforced by their dismissal." *Flynn v. Morgan Guaranty Trust Company of New York, supra,* 463 F.Supp. at 678.

Congress obviously sought to address this form of discrimination as forcefully as possible, and to discourage the practice of ignoring the work skills of older people while, in effect, junking them for replacement by newer models. To be thus discarded can have devastating psychological effects at a time in one's life that is often already traumatic enough. Moreover, the willful and arbitrary assignment of older citizens to society's trash heap may be so grossly unfair and unreasonable, in some cases, as to justify imposing exemplary damages.

Congress, in the Act, has plainly expressed a national policy opposed to wasting the talents, skills, experience and wisdom of older persons. In effect, Congress has declared their work capabilities a valuable national resource to be conserved and protected. A court's duty is to effectuate the Congressional purpose to the fullest extent possible by "such legal or equitable relief as may be appropriate." In proper cases, that relief, in this court, will include general compensatory and exemplary damages unless such damages are held, by a binding decision of the Supreme Court or the Tenth Circuit Court of Appeals, not within the Act's remedies.

The defendant contends, however, that the Conference Committee Report accompanying 1978 amendments to the Act demonstrates a contrary Congressional intent. In that report the committee stated, *inter alia* that the "ADEA as amended by this act does not provide remedies of a punitive nature." House Conference Report No. 95–950, 95th Cong., 2d Sess., reprinted in U.S. Code Cong. & Admin.News, pp. 504, 528, 535 (1978). Given the Act's unambiguous language and statement of purpose, as well as the fact that the conference report focuses on amendments to the Act's jury trial provisions, not its remedies provisions, this Court does not consider the conference report dispositive. Indeed, since the cited report mentions only "remedies of a punitive nature" it can have no bearing on the intent to allow, or not allow, compensatory damages such as those for emotional distress, pain and suffering.

The real thrust of the defendant's argument is an attempt to limit this Court's power to the remedies listed in the Act. But such a holding would render meaningless the plain language of § 626 which authorizes "legal or equitable relief . . . *including without limitation*" the specified remedies. (Emphasis added). Money damages are certainly the classic, most common form of legal relief in our justice system. Obviously there is no language in the Act which precludes availability of that most usual remedy in appropriate cases. Since the statute is remedial, it should be liberally construed with an eye to achieving Congress's purpose of deterring employers who otherwise might be tempted. Exemplary and full compensatory damages can operate as potent deterrents.

Finally, the Court finds unpersuasive the defendant's argument that the availability of damages would defeat the Act's conciliatory purposes. While conciliation of age discrimination disputes may be one purpose of the Act, this is certainly not its only purpose. Nor is there any indication that it is the overriding purpose. Moreover the assertion that limiting the ultimate possible recovery will encourage conciliation is an *employer's* argument. But it is another class—employees—who are the Act's intended beneficiaries. The gist of this argu-

ment is that fewer claims will be asserted because the likelihood of obtaining a worthwhile remedy will be decreased if compensatory and exemplary damages are not permitted. That argument, in effect, asks this Court to eviscerate the Act. Obviously, plaintiffs in these cases can argue with equal force that the prospects of conciliation and settlement are enhanced by allowing full compensatory and exemplary damages in meritorious cases, for all employers everywhere would thus have a. meaningful incentive to *avoid* age discrimination. Indeed, it is difficult to imagine a more efficacious means to accomplish the Act's purpose of discouraging age discrimination.

The defendant's warning—that a flood of non-meritorious claims may engulf the courts—is a familiar alarm which has echoed through courthouses whenever a new legal remedy is made available. No courthouse has ever collapsed from the weight of too many litigants seeking justice, and the courts will no doubt prove competent to deal with cases arising under this Act. This threatened "parade of horribles" of unfounded claims cannot justify barring the courts to all claims on the ground some may lack merit. It is to determine which claims are meritorious and which are not that courts exist. There is no reason to assume that claimants who seek—and prove—monetary damages will have less meritorious claims than those who do not.

Accordingly, the Court holds that exemplary damages and compensatory damages for pain and suffering, including emotional suffering, are within the forms of legal relief "appropriate to effectuate the purposes of this Act" as defined by § 626(b). The defendant's motion to strike is DENIED.