RSE, INC., d/b/a Harrisburg Asphalt Company, Plaintiff,

v.

H & M, INC., Donald F. Snyder, t/a D. F. Snyder & Sons, Jack D. Murphy, American Paving Company, C. R. Witmer, Pennsy Supply, Inc., Kimbob, Inc., and Pennsylvania Prestressed Corporation, t/a Adams County Asphalt, Defendants.

Civ. A. No. 80–0127.

United States District Court, M. D. Pennsylvania.

May 8, 1981.

Thomas A. Beckley, Beckley & Madden, Harrisburg, Pa., Louis J. Koerner, Jr., New Orleans, La., for plaintiff.

Charles Rubendall, III, Laurence W. Dague, Keefer, Wood, Allen & Rahal, Harrisburg, Pa., for defendants.

## MEMORANDUM

RAMBO, District Judge.

Plaintiff filed its complaint in the instant action on February 5, 1980, alleging various violations of the federal antitrust statutes. One of the named defendants was Donald F. Snyder, t/a D. F. Snyder & Sons. On May 18, 1980, defendant Snyder died. By order of court dated October 1, 1980, plaintiff was directed to file an amended complaint setting forth a more definite statement. Plaintiff filed a motion to substitute defendant Dauphin Deposit Bank & Trust Company, Executor of the Estate of Donald F. Snyder (hereinafter Dauphin Deposit), as a party defendant and did so substitute the names in the caption of the amended complaint, filed on December 11, 1980. In the amended complaint, plaintiff seeks treble damages and attorneys fees from all defendants, as well as certain equitable relief. On January 30, 1981, Dauphin Deposit filed a motion to dismiss certain portions of plaintiff's amended complaint, namely plaintiff's request for treble damages, attorneys fees, and injunctive relief from Dauphin Deposit. Plaintiff, after requesting and receiving an extension of time to file a response, filed a memorandum in opposition on March 2, 1981. Dauphin Deposit filed a reply brief on March 9, 1981.

Dauphin Deposit's contentions are that, by law, treble damages and attorneys fees are not recoverable against the estate of a defendant in an antitrust action, and further, that an injunction against it is inappropriate as it never has engaged in the asphalt business and does not anticipate ever doing so in the future. Dauphin Deposit requests the amended complaint be dismissed for failure to state a claim upon which relief can be granted, or alternatively to require plaintiff to file a second amended complaint, deleting the above mentioned relief as it applies to Dauphin Deposit. Plaintiff argues that the motion to dismiss is inappropriate as Dauphin Deposit is attacking the *extent* of relief that can be granted, not the fact that *no* relief can be granted. Plaintiff also suggests now is not the proper time to decide relief is available from Dauphin Deposit, that a more appropriate time would be after a jury verdict in plaintiff's favor against Dauphin Deposit. However, Dauphin Deposit argues it must make estimations regarding claims against the Estate of Donald F. Snyder and for this reason a decision is proper now.

The court agrees with Dauphin Deposit that now is the appropriate time to decide this question, in this instance. The court also finds that a motion to dismiss may be used to challenge a claim for relief. *Hassan v. Delta Orthopedic Medical Group, Inc.*, 476 F.Supp. 1063 n.2 (E.D.Calif.1979); *Harper v. Monteagle Inn, Inc.*, 498 F.Supp. 913, 914 (E.D.Tenn.1978).

Plaintiff does not seriously contend that it is entitled to recover treble damages and attorneys fees from Dauphin Deposit. While early cases dealing with the issue of whether or not a cause of action survived plaintiff's death indicate that treble damages can be recovered by plaintiff's estate, they do not hold specifically that treble damages and attorneys fees may be recov-

ered from a defendant's estate.[1] Recent case law clearly holds that the treble damages and attorneys fees are not recoverable from a defendant's estate.[2] Accordingly, the court finds that as a matter of law, plaintiff cannot recover treble damages and attorneys fees from Dauphin Deposit.

Likewise, the court is of the opinion that no injunctive relief is available to plaintiff with regard to Dauphin Deposit.

An appropriate order will be entered.

1.  *Barnes Coal Corp. v. Retail Coal Merchants Ass'n.*, 128 F.2d 645, 649 (4th Cir. 1942); *Hicks v. Bekins Moving and Storage Co.*, 87 F.2d 583, 585 (9th Cir. 1937); *Moore v. Backus*, 78 F.2d 571, 573 (7th Cir.), *cert. denied*, 296 U.S. 640, 56 S.Ct. 173, 80 L.Ed. 455 (1935).

2.  *Rogers v. Douglas Tobacco Board of Trade*, 244 F.2d 471 (5th Cir. 1957); *Shires v. Magnavox Co.*, 432 F.Supp. 231 (E.D.Tenn.1976); *Vandervelde v. Put and Call Brokers and Dealers Ass'n.*, 344 F.Supp. 118, 157 (S.D.N.Y. 1972). See also cases cited in *Shires, supra*, at 235.