**Earl KALLI, Plaintiff,**

v.

**GREAT AMERICAN INSURANCE CO.,
an Ohio Corporation, Defendant.**

**Civ. No. 4–80–447.**

United States District Court,
D. Minnesota,
Fourth Division.

June 30, 1981.

Bradley J. Behr, Fred Allen & Associates, Ltd., Minneapolis, Minn., for plaintiff.

Kalvin M. Grove and Howard M. Blassman, Fox & Grove, Chartered, Chicago, Ill., and Thomas A. Keller, III, O'Connor & Hannan, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on the motion by the defendant to strike portions of the plaintiff's prayer for relief pursuant to Federal Rule of Civil Procedure 12(f). The issue raised in this motion is whether damages other than lost earnings are recoverable under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.* The motion will be granted in part and denied in part.

The plaintiff was hired by defendant Great American Insurance Co. on October 4, 1965, and worked at the defendant's regional office in Minnesota. In September, 1978, the plaintiff was transferred to the defendant's branch office in Sioux Falls, South Dakota. About a year later, the plaintiff was discharged by the defendant. The plaintiff was 50 years old at the date of discharge. The plaintiff filed suit against the defendant on August 27, 1980, alleging that he had been discharged from employment in violation of the ADEA. In the prayer for relief in the complaint, the plaintiff seeks to recover damages for emotional distress and punitive damages as well as loss of income.[1] The defendant's motion

---

1. The complaint also included an allegation that the plaintiff would incur future losses of income and of insurance and retirement benefits. However, the plaintiff did not seek reinstatement to his job. The availability of this type of damages under the ADEA was not extensively briefed by the plaintiff, and at the oral argument the plaintiff's attorney confirmed that the prayer for future damage is being dropped.

asks the Court to strike the prayers for emotional distress and punitive damages.

The relevant provisions of the ADEA provide as follows:

(b) The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided*, That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion.

(c) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided*, That the right of any person to bring such action shall terminate upon the commencement of an action by the Secretary to enforce the right of such employee under this chapter.

29 U.S.C. § 626(b) and (c).[2] The defendant contends that the mention in subsection 626(b) of unpaid minimum wages, unpaid overtime compensation, and liquidated damages, along with the reference to section 216, indicates an intention to limit compensatory damages to economic damage such as lost earnings. The plaintiff contends that the mention in subsections 626(b) and (c) of "such legal or equitable relief" as needed to effectuate the purposes of the Act permits the recovery of other types of compensatory damages such as damages for physical and mental suffering or punitive damages. The ambiguities in subsections 626(b) and (c) have led to a division in the federal courts over the proper interpretation of this section. Four courts of appeals have held that section 626 restricts the damages recoverable to double the amount of lost earnings. *Slatin v. Stanford Research Institute*, 590 F.2d 1292 (4th Cir. 1979); *Vazquez v. Eastern Air Lines, Inc.*, 579 F.2d 107 (1st Cir. 1978); *Dean v. American Security Insurance Co.*, 559 F.2d 1036 (5th Cir. 1977), *cert. denied*, 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); *Rogers v. Exxon Research and Engineering Co.*, 550 F.2d 834

**2.** Section 211(b) of Title 29, U.S.C., provides that the Labor Department may utilize the services of state and local agencies for the purpose of carrying out its functions and duties under the Fair Labor Standards Act. Section 216(b) provides in part as follows:

(b) Any employer who violates the provisions of section 206 or section 207 of this title [establishing minimum wages and maximum hours] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title

shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

In addition, section 216 provides jurisdiction and procedures for the maintenance of civil actions against employers by employees and by the Secretary of Labor. Section 217 provides the district courts with jurisdiction to enjoin violations of section 215, which lists actions prohibited by the Fair Labor Standards Act.

(3rd Cir. 1977), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978). On the other hand, a large number of district courts have held that damages for physical and mental suffering may be recovered. *E. g., Wise v. Olan Mills, Inc.*, 485 F.Supp. 542 (D.Colo.1980); *Hassan v. Delta Orthopedic Medical Group, Inc.*, 476 F.Supp. 1063 (E.D. Cal.1979); *Flynn v. Morgan Guaranty Trust Co.*, 463 F.Supp. 676 (E.D.N.Y.1979); *Gifford v. Diagnostics*, 458 F.Supp. 462 (N.D. Ohio 1978); *Morton v. Sheboygan Memorial Hospital*, 458 F.Supp. 804 (E.D.Wis.1978). Some courts have also held that punitive damages may also be recovered. *E. g., Wise v. Olan Mills, Inc.*, 485 F.Supp. 542 (D.Colo.1980); *Kennedy v. Mountain States Telephone and Telegraph Co.*, 449 F.Supp. 1008 (D.Colo.1978). The United States Supreme Court and the Eighth Circuit Court of Appeals have not ruled on this issue.[3]

A careful study of the language of subsection 626(b) leads this Court to conclude that damages for physical and mental suffering are recoverable, but that punitive damages are not. The portion of subsection 626(b) which the parties interpret in different ways is the third and fourth sentences. Under either party's interpretation, there are inexplicable conflicts between the two sentences. It is the belief of this Court that these two sentences are not in conflict— that Congress designed them for different purposes and they harmonize with one another.

The first sentence of subsection 626(b) provides that the ADEA shall be enforced in the same way as the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* The second sentence clarifies the meaning of the first sentence by explaining that with respect to the injunctive power available under section 217 (which is incorporated by reference in the first sentence of subsection 626(b)), an act prohibited by section 623 "shall be deemed to be" an act prohibited by section 215. In a similar way, the third

sentence also clarifies the meaning of the first sentence. The third sentence provides:

> Amounts owing to a person as a result of a violation of this chapter *shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217* of this title: *Provided,* That liquidated damages shall be payable only in cases of *willful* violations of this chapter.

(Emphasis added). The Court believes that this sentence is intended to explain the method of adapting the liquidated damages clause of subsection 216(b) to apply to the ADEA. Under the FLSA, the victim of a violation may be awarded "the amount of . . . unpaid minimum wages, or . . . unpaid overtime compensation, as the case may be, and . . . an equal amount as liquidated damages." 29 U.S.C. § 216(b). The third sentence of subsection 626(b) modifies the FLSA's liquidated damages clause by limiting liquidated damages to situations that involve willful violations. The FLSA permits the doubling of out-of-pocket pecuniary losses as liquidated damages. The phrase "amounts owing . . . shall be deemed to be unpaid minimum wages and unpaid overtime compensation . . ." indicates that an award of liquidated damages under the ADEA should also be limited to out-of-pocket pecuniary losses, such as lost wages. This limitation to pecuniary losses, however, applies only to liquidated damages awards and does not in any way limit compensatory damages recoverable under the ADEA.

An implicit corollary to the availability of an award of liquidated damages is that punitive damages are unavailable under the ADEA.

> Section 626(b), by reference to the FELA liquidated damages sections, 29 U.S.C. §§ 216 and 217, provides that the amounts found owing under the ADEA are to be doubled to arrive at a liquidated

---

**3.** In *Brennan v. Ace Hardware Corp.*, 495 F.2d 368 (8th Cir. 1974), the Eighth Circuit in dicta discussed the method of calculating lost wages, but left open the issue now before the Court when it wrote: "Specific questions concerning

damages or other relief are within the equitable discretion of the district court pursuant to 29 U.S.C. § 626(b) and must await future resolution from the courts." *Id.* at 373–74.

damages figure. The limitation of liquidated damage awards to compensation for "willful" violations indicates that they have the effect of a penalty.

It is unlikely that Congress intended to allow a penalty of punitive damages to be awarded in addition to the penalty of liquidated damages. Thus, it seems reasonable to conclude, with the two Courts of Appeals which have addressed the issue, that liquidated damages are to take the place of punitive damages under the ADEA. *Dean v. American Security Ins. Co.*, 559 F.2d 1036 (5th Cir. 1977); *Rogers v. Exxon Research & Engineering Co.*, [550 F.2d 834 (3d Cir. 1977)].

*Gifford v. Diagnostics*, 458 F.Supp. 462, 464 (N.D.Ohio 1978). *Accord, Marson v. Jones & Laughlin Steel Corp.*, 87 F.R.D. 151 (E.D. Wis.1980). Accordingly, the defendant's motion to dismiss the plaintiff's prayer for punitive damages will be granted.

The fourth sentence of subsection 626(b) provides:

> In any action brought to enforce this chapter *the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation* judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section.

(Emphasis added.) This sentence explains how the Court should calculate the "amounts owing" as a result of a violation. The phrases "such legal or equitable relief as may be appropriate" and "including without limitation" demonstrate that subsection 626(b) is a broad grant of remedial power to the district courts. The Court's remedial powers under this statute are certainly broad enough to encompass full compensatory damages. In enacting the ADEA, Congress was concerned with the effects of discrimination against older workers. 29 U.S.C. § 621(a)(3) and (b). One of the most damaging effects of age discrimination in employment is its impact on the physical and emotional health of the employee. The ADEA is a remedial statute and "the courts must be receptive to its purposes and accord it the intended scope." *Surrisi v. Conwed Corporation*, 510 F.2d 1088, 1090 (8th Cir. 1975). Awarding damages for physical and mental pain and suffering in cases where such harm can be proved is consistent with the purposes and remedial nature of the ADEA.

Based on the foregoing memorandum, IT IS HEREBY ORDERED that:

1) The defendant's motion to strike the plaintiff's prayer for punitive damages is granted.

2) The defendant's motion to strike the plaintiff's prayer for general compensatory damages for pain and suffering is denied.