**Mary WHITEMAN, Plaintiff,**

v.

**The KROGER COMPANY, Defendant.**

No. 82–1077.

United States District Court,
C. D. Illinois,
Peoria Division.

Sept. 29, 1982.

Donald K. Birner, Pekin, Ill., for plaintiff.

Roy G. Davis, Davis & Morgan, Peoria, Ill., for defendant.

### MEMORANDUM OPINION

MIHM, District Judge.

FACTS:

This cause was initially brought in the Circuit Court of the Tenth Judicial Circuit of the State of Illinois and has been removed to this Court pursuant to 28 U.S.C. § 1441. Plaintiff is a 60 year old woman who worked at Kroger's for 24 years. She claims that Kroger's discriminated against her because of her age by scheduling her for hours without regard to her seniority; by having her lift heavy objects not required of other employees similarly situated; by telling her that she should retire because of her advanced age; and by singling her out for constant review and critique under more stringent standards than similarly situated employees. Counts I through III allege violations of the Age Discrimination in Employment Act (hereinafter ADEA), 29 U.S.C. § 621 et seq., and prays for compensatory, punitive, and mental distress damages. Count IV is a claim for wrongful discharge. Kroger's has filed a motion to dismiss all counts, but has asked that, for Count IV, the Court convert the motion into a motion for summary judgment pursuant to Rule 12(b).

DECISION AND ORDER:

## 1. PUNITIVE AND MENTAL DISTRESS DAMAGES

■ Kroger moves to dismiss Counts II and III on the grounds that punitive and mental distress damages are not recoverable under the ADEA. This Court agrees that punitive and mental distress damages are not recoverable under the ADEA and will therefore grant Kroger's motion to dismiss these Counts.

A handful of well-reasoned opinions allow recovery of these damages, including *Wise v. Olan Mills,* 485 F.Supp. 542 (D.Colo.1980); *Bertrand v. Orkin,* 432 F.Supp. 952 (N.D.Ill. 1977); and *Rogers v. Exxon Research and Engineering Co.,* 404 F.Supp. 324 (D.N.J. 1975) rev'd 550 F.2d 834 (3rd Cir. 1977), Cert. denied 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978). However, the great weight of authority supports the view that punitive damages and mental distress damages are not recoverable under the ADEA. *Fiedler v. Indianhead Truck Line,* 670 F.2d 806 (8th Cir. 1982); *Naton v. Bank of California,* 649 F.2d 691 (9th Cir. 1981); *Slatin v. Stanford Research Institute,* 590 F.2d 1292 (4th Cir. 1979); *Vazquez v. Eastern Airlines, Inc.,* 579 F.2d 107 (1st Cir. 1978); *Dean v. American Security Ins. Co.,* 559 F.2d 1036 (5th Cir. 1977); *Rogers v. Exxon Research & Engineering Co.,* 550 F.2d 834 (3rd Cir. 1977), Cert. denied 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978); and *Stevenson v. J. C. Penney,* 464 F.Supp. 945 (N.D.Ill.1979). This Court has reviewed both positions closely and recognizes that they present a difficult question. If a person has their livelihood wrongfully taken from them it is understandable that mental anguish will result. It is also true under general principles of law that, in certain circumstances, willful conduct results in punitive damages. Nonetheless, a literal reading of the enforcement provision of the ADEA, 29 U.S.C. § 626(b), leads this Court to the inescapable conclusion that punitive and mental distress damages are not recoverable under the ADEA.

Section 626(b) provides in part:

"(b) * * * Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: Provided, That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion."

On the surface, this section appears to give the district courts broad remedial powers. Specifically, this section directs the courts to "grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter." However, this court cannot avoid the conclusion that this language merely modifies a very specific type of damages.

"Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: Provided, That liquidated damages shall be payable only in cases of willful violations of this chapter."

The only money damages this court can award under this section are:

(1) Unpaid minimum wages, or unpaid overtime compensation; and

(2) Liquidated damages for willful violations.

The grant of jurisdiction to impose "relief as may be appropriate to effectuate the purposes of this act" merely supplements the court's power to award the monetary damages provided in § 626(b) with power to order employment, reinstatement or promotion. It does not provide the court with power to impose additional monetary damages and penalties. *See, Rogers v. Exxon Research & Engineering Co.,* supra 550 F.2d at 840.

This result is supported by an examination of the underlying policy considerations. It is clear from the language of § 626 that the intent of the Congress was to achieve voluntary compliance through "informal methods of conciliation, conference and persuasion." Conciliation and persuasion are difficult, if not impossible when a plaintiff is encouraged to refrain from negotiation by the promise of a large damage recovery. *Rogers,* supra, at 841; *Dean v. American Security Ins. Co.,* supra, 559 F.2d at 1038–39 [1]; and *Slatin v. Stanford Research Institute,* supra, 590 F.2d at 1296.

I am aware that there is strong and emotional disagreement over this issue in the other district courts. *See, Wise v. Olan Mills,* 485 F.Supp. 542 (D.Colo.1980); *Bertrand v. Orkin,* 432 F.Supp. 952 (N.D.Ill. 1977); and *Rogers v. Exxon Research & Engineering Co.,* 404 F.Supp. 324 (D.N.J. 1975) rev'd 550 F.2d 834 (3rd Cir. 1977). I understand why my brethren choose not to follow the majority rule. However, it is not proper for me to rewrite an act of Congress to meet a just result in a particular case. Congress is aware of the problem and it possesses the power to rectify it with appropriate legislation. Accordingly, Kroger's motion to dismiss Counts II and III of Whiteman's complaint on the ground that punitive and mental distress damages are not recoverable under the ADEA is GRANTED.

This Court is not ruling out the possibility of pleading an Illinois tort and pursuing it in Federal Court as a pendent claim. But it is the opinion of this Court that Counts II and III rest squarely on the Age Discrimination in Employment Act and no Illinois tort is pleaded.

## 2. WRONGFUL DISCHARGE

Kroger's has also moved to dismiss Whiteman's claim of wrongful discharge and has requested the Court to convert this into a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b). Recognizing that a Court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a 12(b)(6) motion, Wright & Miller, *Federal Practice and Procedure: Civil* § 1366, this Court declines to consider this motion as one for summary judgment.

■ In Count IV Whiteman claims that she was wrongfully discharged from her employment with Kroger's. Whiteman was a member of the United Food and Commercial Workers International Union which negotiated a collective bargaining agreement with Kroger's that contained a binding grievance and arbitration procedure. § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1976), permits a union employee to sue her employer for wrongful discharge. However, where the union and the employer have agreed to submit disputes to a grievance/arbitration process, the employee must first show that the union has breached its duty of fair representation. *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1966); *Hines v. Anchor Motor Freight Co.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1970).

Apart from filing an affidavit in conjunction with her memorandum opposing Kroger's motion to dismiss, Whiteman has made no claim that her union breached its

---

1. "The dominant purpose of the Act is easily discernable. It was enacted to prohibit discrimination in employment on the basis of age.

The silence of the Act with respect to general damages is entirely consistent with legislative intent to abstain from introducing a volatile ingredient into the tripartite negotiations involving Secretary, employee and employer which might well be calculated to frustrate rather than to 'effectuate the purposes' of the Act."

duty of fair representation. Without such an allegation, Whiteman cannot state a claim for wrongful discharge against Kroger's upon which relief can be granted. Therefore, it is ORDERED that Kroger's motion to dismiss Count IV of Whiteman's complaint is GRANTED.

### 3. NOTIFICATION

■ Finally, Kroger's moves to dismiss the entire complaint because Whiteman failed to notify the EEOC of her intent to file suit. The ADEA does require a plaintiff to serve notice of intent to file, but such notice need only be given to the Secretary of Labor. 29 U.S.C. § 626(d). Whiteman did notify the Secretary and therefore the motion to dismiss is DENIED.