**Carroll J. PERRELL,**
**Plaintiff-Appellee/Cross-Appellant,**

v.

**FINANCEAMERICA CORPORATION,**
**Defendant-Appellant/Cross-Appellee.**

**Nos. 82–2113, 82–2155.**

United States Court of Appeals,
Tenth Circuit.

Feb. 1, 1984.

Rehearing Denied March 19, 1984.

---

Walter L. Reardon, Jr., Albuquerque, N.M. (James K. Hansen, Albuquerque, N.M., with him on the brief), of Walter L. Reardon, Jr., P.A., Albuquerque, N.M., for plaintiff-appellee/cross-appellant.

John A. Mitchell, Santa Fe, N.M. (Leonard S. Katz and Jonathan Morse, Santa Fe, N.M., with him on the brief) of Mitchell, Alley & Rubin, Santa Fe, N.M., for defendant-appellant/cross-appellee.

Before SETH, Chief Judge, McKAY, Circuit Judge, and BOHANON, Senior District Judge.*

BOHANON, Senior District Judge.

Plaintiff, Carroll J. Perrell, brought this action pursuant to the provisions of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (hereinafter ADEA). Suing his employer FinanceAmerica Corporation (hereinafter FinanceAmerica), Mr. Perrell alleged that he was subjected to age discrimination that resulted in an employment alternative of accepting a demotion or being discharged by the employer.

Upon trial to a jury a verdict was returned for Mr. Perrell awarding damages for lost wages, pain and suffering, incidental expenses and liquidated damages in the total amount of $268,069.

FinanceAmerica appeals. Although the appellant raises numerous allegations of error, only two address fundamental error given the facts of this case. First, FinanceAmerica claims that the trial court improperly instructed the jury on the standard of proof to be used in determining liability under the ADEA; and second, it is claimed that the district court erred in allowing the awarding of "compensatory damages" (i.e. pain and suffering) in an ADEA action.

### I. Standard of Proof

■ In charging the jury on the standard of proof required of the plaintiff to prevail in an ADEA action, the trial court gave the following instruction:

"When I say that the plaintiff must prove that he was demoted or discharged because of his age, I do not mean that the Plaintiff has to establish that his age was the only reason for his demotion or discharge. There may have been many reasons for his demotion or discharge. However, if you find that his age was one reason and that in fact his age *made a difference* in determining whether or not he was to be demoted or discharged, then you should find for the Plaintiff and determine the amount of damages, if any, Carroll Perrell has sustained. On the other hand, if you find that his age was *not a reason* for his demotion or discharge and that it *made no difference* in determining whether or not he was to be

* Honorable Luther Bohanon, Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

demoted or discharged, then you should find for the Defendant." (emphasis added)

This "made a difference" language has been addressed by other courts, and some have found it to be lacking in its statement of the applicable law. In *Loeb v. Textron, Inc.,* 600 F.2d 1003 (1st Cir.1979) the court made the following comment:

"Plaintiff's brief apparently concedes that he was required to prove that age was the determining factor, but argues that this was conveyed by instructing that age had to have 'made a difference.' We agree with defendants, however, that the court's statement was inadequate to convey to the jury the legal standard it should follow. To find that age was a factor that affected the decision is not equivalent to finding that age was a determinative factor, yet proof that it was a determinative factor is, as both parties recognize, essential to recovery under the ADEA. (footnote omitted)

We do not quarrel with the court's statement that age did not have to be the sole factor motivating defendants to act; we do think, however, that the court should have instructed the jury that for plaintiff to prevail he had to prove by a preponderance of the evidence that his age was the 'determining factor' in his discharge in the sense that, 'but for' his employer's motive to discriminate against him because of age, he would not have been discharged." (citations omitted)

600 F.2d at 1019.[1] *See also Golomb v. Prudential Ins. Co. of America,* 688 F.2d 547 (7th Cir.1982).

However, other courts have found the "made a difference" formulation to constitute a satisfactory explanation of the applicable law. *See Kelly v. American Standard, Inc.,* 640 F.2d 974, 984 (9th Cir.1981); *Laugesen v. Anaconda Co.,* 510 F.2d 307, 317 (6th Cir.1975).

Upon examination of the language, we would generally agree with the court in *Bentley v. Stromberg-Carlson Corp.,* 638 F.2d 9, 11 (2nd Cir.1981) that we see "no significant difference between the ... [made a difference] formulation and the 'determining factor' charge enunciated in *Loeb* ...." As we have stated *before,* no particular form of words is essential if the instruction as a whole conveys the correct statement of the applicable law. *Brandt v. French,* 638 F.2d 209 (10th Cir.1981). While the *Loeb* formulation is to be strongly preferred due to its lack of ambiguity, the "made a difference" formulation is not inherently infirm.

■ The essence of the correct formulation of the standard of proof is that it requires the jury to focus on the effect of the factor of age. The jury must understand that it is not enough that age discrimination figure in the decision to demote or discharge; age must "make a difference" between termination and retention of the employee in the sense that, "but for" the factor of age discrimination, the employee would not have been ·adversely affected. *Cancellier v. Federated Dept. Stores,* 672 F.2d 1312, 1316 (9th Cir.1982).

■ However, the instruction used in this case did not clearly articulate the essence of the law. To find for the defendant-employer under the instruction given in this case, the jury was required to determine that age was not a reason *and* that it made no difference. This formulation was more than ambiguous in that a jury member might infer that if age were *any* factor the defendant could not prevail. This, as noted above, is erroneous and could communicate the particular impression that must be specifically dispelled when charging the jury as to the ADEA standard of proof.

The standard of proof formulation is key to the understanding of liability under the ADEA. Thus, the erroneous instruction

1. We have previously articulated our approval of the *Loeb* decision although we did not address this specific issue. In *Mistretta v. Sandia Corp.,* 639 F.2d 588, 597 (10th Cir.1980) we stated:

"The *Loeb* decision is overall well reasoned and we do not disagree with its reasoning."

given in this case relates to the substantial rights of the defendant below. This error requires reversal unless this court can determine that the error was not prejudicial. *McCandless v. United States,* 298 U.S. 342, 56 S.Ct. 764, 80 L.Ed. 1205 (1936); *see also Fillippon v. Albion View State Co.,* 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853 (1919).

In the trial below, the employer FinanceAmerica offered extensive evidence, if believed by the jury, that age was not the determining factor in the employment decisions relating to Mr. Perrell. The evidence is not so overwhelmingly weighted in favor of the plaintiff's allegations of age discrimination that this court can conclusively determine that the effect of the erroneous instruction was harmless.

## II. Compensatory Damages

■ The second allegation of the appellant which constitutes fundamental error concerns the instructions given regarding "compensatory damages." In charging the jury on the proper method of calculating damages, the court gave the following instruction:

> "In addition, plaintiff may recover damages to compensate him for losses, other than lost employment benefits, caused by the alleged discrimination. Such damages are called compensatory damages. The items of compensatory damages claimed by plaintiff are:
> (1) incidental expenses caused by the curtailment of his employment.
> (2) damages for pain and suffering and humiliation which resulted from plaintiff's termination."

While this definition of "compensatory damages" might well be challenged, the error claimed by the defendant regarding this charge is the allowance of elements of damage other than those specifically set out in the ADEA. *See* 29 U.S.C. § 626(b), (c). To date, eight of our sister circuits have been presented this issue in varying nuances. However, every time the issue of permissible scope of damages has been addressed, each circuit court has held that the ADEA is limited to the damages specifically enumerated. *See Hill v. Spiegel, Inc.,* 708 F.2d 233 (6th Cir.1983); *Pfeiffer v. Essex Wire Corp.,* 682 F.2d 684 (7th Cir.1982); *Fiedler v. Indianhead Truck Line, Inc.,* 670 F.2d 806 (8th Cir.1982); *Naton v. Bank of California,* 649 F.2d 691 (9th Cir.1981); *Slatin v. Stanford Research Inst.,* 590 F.2d 1292 (4th Cir.1979); *Vazquez v. Eastern Air Lines, Inc.,* 579 F.2d 107 (1st Cir.1978); *Dean v. American Security Ins. Co.,* 559 F.2d 1036 (5th Cir.1977); *Rogers v. Exxon Research and Engineering Co.,* 550 F.2d 834 (3rd Cir.1977). We find the collective reasoning as set forth in these opinions exhaustive and persuasive. We can but conclude that the trial court erred in allowing jury consideration of any items of damage except those specifically provided within the enforcement scheme of the ADEA.

Therefore, considering the instructional errors committed by the trial court, the judgment must accordingly be

REVERSED.