Gary **RAWSON**, Plaintiff,

v.

**SEARS ROEBUCK AND CO.,
Defendant.**

**Civ. A. No. 81–K–1454.**

United States District Court,
D. Colorado.

June 6, 1984.

James A. Carleo, Pueblo, Colo., for plaintiff.

Robert S. Slosky, Laura A. Wing, Denver, Colo., for defendant.

## ORDER REGARDING POST-TRIAL MOTIONS

KANE, District Judge.

On January 30, 1984 a jury of seven found that Sears, Roebuck and Co. violated Colo.Rev.Stat. § 8–2–116 when it terminated Gary Rawson from his job as manager of its Pueblo store in March of 1979. Defendant moved for a directed verdict at the end of plaintiff's case and at the end of its own case. I denied both motions. Since the date of the jury verdict, the following briefs and motions have been filed for my consideration: Plaintiff's motion for partial summary judgment on the issue of Sears' liability under § 8–2–116; Plaintiff's brief supporting an award of damages pursuant to the January 30, 1984 verdict in his favor; Defendant's brief opposing damages; Defendant's motions for judgment notwithstanding the verdict or in the alternative for a new trial; Defendant's motion to · strike portions of plaintiff's response to its motion for judgment notwithstanding the verdict or in the alternative for a new trial and to strike portions of the plaintiff's response brief in support of full damages.

## I. MOTIONS FOR JUDGMENT N.O.V. and FOR NEW TRIAL

### A. Private Right of Action Under Colo.Rev.Stat. § 8–2–116

■ Defendant first contends that I should overturn the verdict in this case because of the recent introduction of House Bill 1198, which according to defendant, indicates that the Colorado Legislature never intended to create a private right of action for plaintiffs who establish a violation of § 8–2–116. House Bill 1198 amends Colo.Rev.Stat. § 24–34–301 et seq. to include age discrimination among the designated unfair labor practices. Defendant argues that "the legislature would not consider enactment of House Bill 1198 without repealing the clearly inconsistent provisions of § 8–2–116," Brief at 4, and that the only reason House Bill 1198 contains no reference to § 8–2–116 is because the legislature recognizes that § 8–2–116 is a penal statute, "the violation of which does not create a private right of action in the injured party." *Id.*

Defendant's argument is clever, but does not persuade me that a private right of action is not authorized by § 8–2–116. I have compared the provisions of the proposed bill to the statute and find that their

objectives are not totally dissimilar. *See Rawson v. Sears, Roebuck & Co.*, 530 F.Supp. 776 (D.Colo.1982).

### B. Statute of Limitations Defense

■ Defendant also claims that plaintiff's cause of action is time barred by Colo.Rev.Stat. § 8–3–110(16) or in the alternative by Colo.Rev.Stat. § 13–80–104. I need not discuss the merits of this defense because of the defendant's failure to comply with Rule 8(c) F.R.Civ.P. Since defendant failed to assert the statute of limitations defense in its answer, it is deemed waived. *See Radio Corporation of America v. Radio Station KYFM, Inc.*, 424 F.2d 14, 17 (10th Cir.1970).

### C. Evidence Supporting the Verdict

■ The gist of defendant's final argument for overturning the jury verdict in favor of Gary Rawson is that the evidence does not support a finding that he was terminated solely and only because of age. According to defendant, a plaintiff who seeks relief under Colo.Rev.Stat. § 8–2–116 must separately prove each of the five elements in the statute and that mere proof of the first four elements does not create an inference that plaintiff was discharged solely and only because of age. Defendant bases this interpretation on the grounds that the statute is penal and not remedial.

> The statute at issue reads as follows: No person, firm, association, or corporation conducting within this state any business requiring the employment of labor shall discharge any individual between the ages of eighteen and sixty years, solely and only upon the grounds of age if such individual is well versed in the line of business carried on by such person, firm, association, or corporation and is qualified physically, mentally, and by training and experience to satisfactorily perform and does satisfactorily perform the labor assigned to him or for which he applies.

Colo.Rev.Stat. § 8–2–116 (1973). As defendant interprets the statute, Rawson had to show: 1) that he was within the protected class, ages 18–60 years, at the time of discharge; 2) was well versed in the line of business carried on by Sears; 3) was qualified physically and mentally to perform his job as manager of the Pueblo store; 4) was satisfactorily performing the job as manager at the time he was discharged; 5) and that he was discharged solely and only because of age.

There are no cases construing the burden of proof necessary to establish a violation of § 8–2–116 and defendant's interpretation is not persuasive. As I read the statute, once a plaintiff establishes the first four elements, he is entitled to an inference that he was the victim of discrimination on the basis of age. The evidence presented in this case required the submission of that issue to the jury. In reaching this conclusion, I am guided by the standards announced in *Joyce v. Atlantic Richfield Co.*, 651 F.2d 676 (10th Cir.1981):

> When faced with a motion for judgment notwithstanding the verdict, the standards by which the prerequisite motion for directed verdict is judged control. Judgment notwithstanding the verdict may only be granted where the evidence 'points all one way and is susceptible of no reasonable inferences that sustain the position of the party against whom the motion is made.' A mere scintilla of evidence is insufficient to justify the denial of the motion. However, since the grant of such a motion deprives the non-moving party of a determination of the facts by a jury, judgment notwithstanding the verdict should be cautiously and sparingly granted. (citations omitted).

651 F.2d at 680. Applying those standards to this case, I find that plaintiff produced more than a "mere scintilla" of evidence tending to prove the defendant's discriminatory conduct. I must therefore deny the motions for judgment notwithstanding the verdict and for a new trial. *See Blim v. Western Electric Co., Inc.*, 731 F.2d 1473 (10th Cir.1984) (denying judgment notwithstanding the verdict and motion for new trial in ADEA case).

## II. DAMAGES FOR VIOLATING COLO.REV.STAT. § 8–2–116

### A. The Right to Recover Damages Under Colo.Rev.Stat. § 8–3–121

█ Plaintiff seeks to base his recovery of damages from the defendant on Colo. Rev.Stat. § 8–3–121. Section 8–3–121 provides that "[a]ny person who suffers injury because of an unfair labor practice has a right of action, jointly and severally, against all persons participating in said practice for damages caused to the injured person...." Colo.Rev.Stat. § 8–3–121 (1973). An unfair labor practice has been defined as the commission of "any crime in connection with any controversy as to employment relations." Colo.Rev.Stat. § 8–3–108(1)(*l*)(1973). Despite this clear language and the conclusions of law in my earlier opinion on this matter, defendant insists that plaintiff cannot recover damages under § 8–3–121 because the statute only provides a remedy for injuries received as a result of engaging in union activity or any activities related to collective bargaining. I disagree.

Defendant ignores that portion of my earlier opinion where I succinctly stated that: "The Colorado legislature's broad definition of unfair labor practices indicates an intent to create a private right of action to anyone who can prove by a preponderance of the evidence that a defendant has violated a criminal labor code." *Rawson,* 530 F.Supp. at 778. Pursuant to the jury verdict of January 30, 1984, plaintiff proved by a preponderance of the evidence that the defendant violated § 8–2–116. He may therefore seek damages under § 8–3–121.

### B. Damages Recoverable Under § 8–3–121

█ The final issue presented is what type of damages can a victim of age discrimination recover under § 8–3–121. The language of the statute is not helpful as it only states that any victim of an unfair labor practice "has a right of action ... against all persons participating in said practice for *damages caused to the injured person thereby.*" (emphasis added).

I must therefore decide if damages under this section include those recoverable in a common law tort action.

The authority for awarding punitive as well as compensatory damages under § 8–3–121 is scant. Plaintiff however, has cited the Colorado Supreme Court decision in *Denver Building and Construction Trades Council v. Shore,* 132 Colo. 187, 287 P.2d 267 (1955) as supporting such an award. The plaintiff in *Denver Building* sought damages and injunctive relief under § 80–5–19(1) of the Labor Peace Act. Section 80–5–19 is the predecessor to § 8–3–121. The following language in the case has been cited by plaintiff as supporting the theory that any damages recoverable under § 8–3–121 are based in tort:

> Admitting that in the Laburnum case the tort was excessive and that in the present case it was mild and devoid of any rowdyism, *nevertheless, in either case a recovery in damages for injury done on account of the illegal practice is necessarily upon the basis of tort.* (emphasis added).

287 P.2d at 272. The words "on account of the illegal practice" refer to unfair labor practices as defined in the Labor Peace Act. I therefore conclude that the term damages as used in § 8–3–121 of the Act includes those damages recoverable in a common law tort action. *See also Pipeliners Local Union No. 798 v. Ellerd,* 503 F.2d 1193, 1201 (10th Cir.1974) ("recovery of damages for injury incurred as a result of illegal practices is founded in tort...." citing *Denver Building and Construction Trades Council v. Shore* ).

Defendant opposes this interpretation and argues that such an award cannot be made under § 8–3–121 because the statute does not specifically provide for the recovery of such damages. Defendant supports its argument by referring to the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), (c), and the recent Tenth Circuit decision in *Perrell v. FinanceAmerica Corp.,* 726 F.2d 654 (10th Cir.1984). In *Perrell,* the Tenth Circuit held that the

trial court committed "fundamental error" when it tendered jury instructions on the availability of compensatory damages under the ADEA. The court reasoned that such damages are not "provided within the enforcement scheme of the ADEA." 726 F.2d at 657. The court did not specifically state whether punitive damages are available under the ADEA. I assume, however, from reading the cases supporting the decision that they are not recoverable in this circuit.[1] Nevertheless, the Tenth Circuit's interpretation of the ADEA does not prevent this plaintiff from seeking punitive and compensatory damages under § 8–3–121. First, the language of the ADEA is totally dissimilar to the language in the state statute[2] and second, the Colorado Supreme Court in *Denver Building* recognized that any damage remedy under § 8–3–121 is based in tort.

### III. MOTION TO STRIKE

Defendant has asked me to strike portions of plaintiff's briefs filed in support of full damages and opposing defendant's motions for judgment notwithstanding the verdict and for a new trial, on the grounds that they violate Rule 12(f), F.R.Civ.P. Rule 12(f) allows me to order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter. "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, ..." Wright & Miller, Federal Practice and Procedure: Civil § 1382 at 822 (1969). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 825. *See also Equal Employment Opportunity Commission v. Ford Motor Company,* 529 F.Supp. 643,

644 (D.Colo.1982) ("so unrelated to plaintiff's claims as to be unworthy of any defense.").

I agree with defendant that certain portions of plaintiff's briefs are immaterial and impertinent within the meaning of Rule 12(f). Yet, defendant must demonstrate that it will be unduly prejudiced if these allegations are not stricken. Defendant has not met that burden. It is fundamental that a motion to strike will be denied if no prejudice can result from the challenged allegations, "even though the matter literally is within the categories set forth in [r]ule 12f." Wright & Miller, Federal Practice and Procedure: Civil § 1382 at 810–811 (1969). The fact is that such immaterial and impertinent matters do not impress me. The effect, miniscule as it is, is counterproductive to the plaintiff's object.

IT IS THEREFORE ORDERED THAT:

The defendant's motion to strike is denied. Defendant's motions for judgment notwithstanding the verdict and for a new trial are also denied. Plaintiff's motion for partial summary judgment on the issue of defendant's liability for violating Colo.Rev. Stat. § 8–2–116 is granted. Plaintiff may seek compensatory and punitive damages[3] for Sears' violation of § 8–2–116.

---

**1.** Judge Moore reached the same conclusion in *Smith v. Montgomery Ward & Co., Inc.* 567 F.Supp. 1331, 1334 (D.Colo.1983). *But see contra Wise v. Olan Mills, Inc. of Texas,* 485 F.Supp. 542 (D.Colo.1980) (Carrigan, J.); *Kennedy v. Mountain States Tel. & Tel., Co.,* 449 F.Supp. 1008 (D.Colo.1978) (Kane, J.).

**2.** Section 626(b) of the ADEA allows a person to seek any "legal or equitable relief." Section

8–3–121 gives a right of action for "damages caused to the injured person thereby."

**3.** In order to recover punitive damages, plaintiff will have to prove beyond a reasonable doubt that Sears discharged him with "malice." *See* Colo.Rev.Stat. § 13–21–102 (1973); *Frick v. Abell,* 198 Colo. 508, 602 P.2d 852 (1979).