**Ray BREZINSKI, Plaintiff,**

v.

**F.W. WOOLWORTH CO., Defendant.**

**Civ. A. No. 85–K–2302.**

United States District Court,
D. Colorado.

Jan. 9, 1986.

Joseph A. Kincilja, Pueblo, Colo., for plaintiff.

John M. Husband, Holland & Hart, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In this diversity action, plaintiff alleges that he was discharged by defendant because of his age in violation of Colo.Rev. Stat. § 8–2–116 (1973). Plaintiff also asserts claims for breach of contract, wrongful discharge, and outrageous conduct. This matter is now before me on defendant's motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(6).

### I. Standards for Decision

For defendant to prevail on its motion to dismiss for failure to state claims upon which relief can be granted, it must appear "beyond doubt that ... plaintiff can prove no set of facts in support of his claim[s] which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 594. All facts, as distinguished from conclusory allegations, must be construed in favor of plaintiff. *See Gardner v. Toilet Goods Ass'n,* 387 U.S. 167, 172, 87 S.Ct.

1526, 1529, 18 L.Ed.2d 704 (1967); *Swanson v. Bixler,* 750 F.2d 810, 812 (10th Cir. 1984). So long as plaintiff may offer evidence to support a legally recognized claim for relief, the motion to dismiss should be denied. *Conley,* 355 U.S. 41, 46–47, 78 S.Ct. 99, 102–03.

## II. Private Right of Action

Plaintiff's first claim is for age discrimination. This claim alleges that defendant violated § 8–2–116 by firing plaintiff solely because of his age. Section 8–2–116 provides that

> [n]o person, firm, association, or corporation conducting within this state any business requiring employment of any individual between the ages of eighteen and sixty years, solely and only upon the ground of age, if such individual is well versed in the line of business carried on by such person, firm, association, or corporation and is qualified physically, mentally, and by training and experience to satisfactorily perform and does satisfactorily perform the labor assigned to him, or for which he applies.

The penalty for violation of this statute is a fine of not less than $100 and not more than $250. *See* Colo.Rev.Stat. § 8–2–117.

Although § 8–2–116 is criminal in nature, I have held, based on the four-part test in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), that the Colorado legislature intended to create a private right of action for damages under this statute. *Rawson v. Sears Roebuck & Co.,* 530 F.Supp. 776, 778 (D.Colo.1982). In its motion, defendant seeks to dismiss plaintiff's age discrimination claim, arguing that recent case law compels a different conclusion on the private cause of action issue. According to defendant, no cause of action for damages exists for violation of § 8–2–116 and, thus, plaintiff's claim under this statute must be dismissed.

More specifically, defendant asserts that other courts have collapsed the four-part test in *Cort* into one comprehensive and strict inquiry into congressional intent to provide such a right. *See, e.g., Fidelity Financial Corp. v. Federal Home Loan Bank,* 589 F.Supp. 885, 892 (N.D.Calif. 1983); *Le Vick v. Skaggs Companies, Inc.,* 701 F.2d 777, 779 (9th Cir.1983); *Osborn v. American Ass'n of Retired Persons,* 660 F.2d 740, 743 (9th Cir.1981). This does not, however, change the result in *Rawson* because, as stated above, I specifically found that the Colorado legislature intended to create a private right of action under § 8–2–116. *Rawson,* 530 F.Supp. 776, 778. Additionally, defendant cites three cases where the Colorado courts did not imply a private right of action from statutes which did not provide for civil remedies. *See Farmers Group, Inc. v. Trimble,* 658 P.2d 1370, 1378 (Colo.App.1982); *National Wildlife Federation v. Cotter Corp.,* 646 P.2d 393 (Colo.App.1981); *Silverstein v. Sisters of Charity,* 38 Colo.App. 286, 559 P.2d 716 (1976). These decisions are inapposite, however, because they dealt with statutes other than § 8–2–116. *See Rawson,* 585 F.Supp. 1393, 1394–95 (D.Colo. 1984); *Brenimer v. Great Western Sugar Co.,* 567 F.Supp. 218, 222–23 (D.Colo.1983). Under *Rawson,* plaintiff has a private cause of action for age discrimination pursuant to § 8–2–116.

## III. Statute of Limitations

Alternatively, defendant maintains that this claim is time barred by Colo.Rev.Stat. § 8–3–110(16) (1985 Cum.Supp.). Plaintiff was fired on December 8, 1982. This action was filed on September 9, 1985 in the state district court in Pueblo, Colorado and thereafter removed by defendant to this court. Section 8–3–110(16) governs the limitation period for charges of unfair labor practices under the Colorado Labor Peace Act, Colo.Rev.Stat. §§ 8–3–101 *et seq.* That statute provides that "[t]he right of any person to proceed under this section and *section 8–3–121* shall not extend beyond six months from the date of the specific act or unfair labor practice alleged." Colo.Rev.Stat. § 8–3–110(16) (emphasis supplied). It could be argued that § 8–3–110(16) applies only to proceedings brought under the Labor Peace Act and, since plaintiff's claim is not brought under that Act, the six months statute of limitations is

inapplicable. In *Rawson*, however, I held that civil damages for violation of § 8–2–116 are recoverable under § 8–3–121:

Plaintiff seeks to base his recovery of damages from the defendant on Colo. Rev.Stat. § 8–3–121. Section 8–3–121 provides that "[a]ny person who suffers injury because of an unfair labor practice has a right of action, jointly and severally, against all persons participating in said practice for damages caused to the injured person...." Colo.Rev.Stat. § 8–3–121 (1973). An unfair labor practice has been defined as the commission of "any crime in connection with any controversy as to employment relations." Colo.Rev.Stat. § 8–3–108(1)(1) (1973). Despite this clear language and the conclusions of law in my earlier opinion on this matter, defendant insists that plaintiff cannot recover damages under § 8–2–121 because the statute only provides a remedy for injuries received as a result of engaging in union activity or any activities related to collective bargaining. I disagree.

Defendant ignores that portion of my earlier opinion where I succinctly stated that: "The Colorado legislature's broad definition of unfair labor practices indicates an intent to create a private right of action to anyone who can prove by a preponderance of the evidence that a defendant has violated a criminal labor code." *Rawson*, 530 F.Supp. at 778. Pursuant to the jury verdict of January 30, 1984, plaintiff proved by a preponderance of the evidence that the defendant violated § 8–2–116. He may therefore seek damages under § 8–3–121.

*Rawson*, 585 F.Supp. 1393, 1396.

■ In the instant case, plaintiff seeks damages for violation of § 8–2–116. Recovery of such damages would be pursuant to § 8–3–121. Section 8–3–110(16) clearly limits the time period for the filing of actions for damages under § 8–3–121 to six months. Therefore, I conclude that § 8–3–110(16) applies to private causes of action for damages under § 8–2–116. Since plaintiff's claim for age discrimination under § 8–2–116 was not brought within the required six months period, that claim must be dismissed.

### IV. Claims for Breach of Contract

■ Plaintiff's second and third claims for relief are for breach of express and implied contract, respectively. Defendant asserts that these claims must be dismissed because no contract, either express or implied, is alleged in the complaint. In support of this contention, defendant cites my decision in *Rawson*.

In *Rawson*, the plaintiff merely alleged that "[t]he acts of the [d]efendant ... constitute a breach of contract." No facts or other allegations appeared in the complaint to support this claim. I dismissed the plaintiff's breach of contract claim because the plaintiff's bare allegation that the defendant's acts constituted a breach of contract did not comply with Fed.R.Civ.P. 8(a)(2). *Rawson*, 530 F.Supp. 776, 781. Specifically, the plaintiff did not plead any of the elements of a contract and, thus, this claim did not give fair notice to the defendant. *Id.*

By contrast, in the present case, the complaint alleges that defendant expressly agreed, during the period of plaintiff's employment, that plaintiff would be discharged only for cause. Plaintiff also alleges in his complaint that there was an implied agreement that he would be discharged only for just grounds and in good faith. Construing these allegations in the light most favorable to plaintiff, I find that they are sufficient under Rule 8(a)(2). Defendant has been placed on notice as to the existence of both an express and an implied contract in this case. Thus, plaintiff's claims do not suffer from the same defects as in *Rawson*. Defendant's motion is, therefore, denied with respect to these claims.

### V. Wrongful Discharge

Plaintiff's fourth claim for relief alleges that defendant's acts constitute the tort of wrongful discharge. Defendant seeks dismissal of this claim on the ground that the Colorado courts have declined to recognize

this tort under circumstances similar to those alleged by plaintiff in this case.

In general, Colorado subscribes to the employment-at-will doctrine: "In the absence of special consideration or an express stipulation as to the duration of employment, an indefinite general hiring is terminable at will by either party." *Lampe v. Presbyterian Medical Center*, 41 Colo. App. 465, 590 P.2d 513, 514 (1978) (citing *Justice v. Stanley Aviation Corp.*, 35 Colo. App. 1, 530 P.2d 984 (1974)). There are two exceptions to this rule. The rule does not apply, and a claim for wrongful discharge is cognizable, if a plaintiff claims that he was discharged either for exercising a statutory right, such as the right to file for workmen's compensation, or for complying with a statutory duty, such as the duty to serve on a jury. *Lampe*, 590 P.2d 513, 515; *see also Rawson*, 530 F.Supp. 776, 781–82.

■ In the instant case, plaintiff does not allege that he was fired for exercising any specific right or duty. Defendant contends that, for this reason, plaintiff's wrongful discharge claim must be dismissed. *See Rawson*, 530 F.Supp. 776, 782. Plaintiff responds by asserting that defendant violated a clear public policy against age discrimination and that a "public policy" exception to the employment-at-will doctrine should be recognized along with the statutory right and duty exceptions. Many courts have adopted the public policy exception. *See Scholtes v. Signal Delivery Service, Inc.*, 548 F.Supp. 487, 493 (W.D. Ark.1982) (citing cases which have adopted the exception). Colorado, however, has not recognized the public policy exception. *See Garcia v. Aetna Finance Co.*, 752 F.2d 488, 491 (10th Cir.1984); *Smith v. Montgomery Ward & Co., Inc.*, 567 F.Supp. 1331, 1334 (D.Colo.1983). It is not appropriate for a federal judge sitting in a diversity case to expand the tort of wrongful discharge to include an action based upon such an exception. Accordingly, plaintiff's wrongful discharge claim is dismissed.

## VI. Outrageous Conduct

Finally, defendant seeks dismissal of plaintiff's sixth claim for relief. In this claim, plaintiff alleges that defendant's acts constitute extreme and outrageous conduct. Defendant contends that this claim is not cognizable since plaintiff has not alleged a pattern of conduct calculated to cause emotional distress or a sufficiently outrageous isolated incident.

In *Rawson*, the defendant also moved to dismiss the plaintiff's claim for outrageous conduct. After examining the relevant Colorado case law, I concluded that there is a certain threshold level of conduct that must first be established for the plaintiff to state a cause of action for outrageous conduct. *Rawson*, 530 F.Supp. 776, 780. To meet this threshold, plaintiff must allege either that: 1) defendant has engaged in a pattern of conduct that was intended to cause or recklessly did cause severe emotional distress, or 2) if the incident is isolated, defendant blatantly and severely harassed plaintiff. *Id.*

■ In the present case, plaintiff has failed to state allegations or recite facts which would meet this threshold. Thus, plaintiff's sixth claim is insufficient to state a claim for outrageous conduct and must be dismissed.

IT IS THEREFORE ORDERED THAT:

1. Defendant's motion to dismiss is granted in part and denied in part. Plaintiff's first, fourth, and sixth claims for relief are dismissed.

2. Defendant shall file an answer to plaintiff's second and third claims for relief within twenty days of the date of this order.