**Virgil BUFFINGTON, Plaintiff,**

v.

**PHELPS DODGE MINING COMPANY,
a/k/a Phelps Dodge Corporation,
Defendant.**

**No. CIV 89–1048 HB.**

United States District Court,
D. New Mexico.

April 28, 1992.

See also, 800 F.Supp. 945.

Beatriz V. Ferreira, Las Cruces, N.M., for plaintiff.

Michael D. Moberly, Ryley, Carlock & Applewhite, Phoenix, Ariz., for defendant.

### MEMORANDUM OPINION AND ORDER

BRATTON, District Judge.

This matter comes before the Court on defendant's motions for partial judgment on the pleadings and motion in limine.

Having reviewed the motion for partial judgment on the pleadings, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion should be granted. The motion in limine will be considered at the time of trial.

This is an action brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Defendant moves to strike plaintiff's prayer for recovery of prejudgment interest. Whether Mr. Buffington may receive prejudgment interest is an issue of first impression in this Circuit.

In *Blim v. Western Elec. Co., Inc.,* 731 F.2d 1473 (10th Cir.), *cert. denied,* 469 U.S. 874, 105 S.Ct. 233, 83 L.Ed.2d 161 (1984), the Court held that prejudgment interest is not available to an ADEA plaintiff who has been awarded liquidated damages.[1] Because this Court ruled that the ADEA's statute of limitations bars Mr. Buffington's claim for liquidated damages, *Blim* is not dispositive.

Although not dispositive, *Blim,* read together with other Tenth Circuit precedent, indicates that prejudgment interest is not available in any ADEA case. In *Blim,* the Court reasoned that both liquidated damages and prejudgment interest compensate plaintiff for delay, and where one is awarded the other should not be awarded. *Id.* at 1479. In *Bruno v. Western Elec. Co.,* 829 F.2d 957 (10th Cir.1987), the Court held that punitive damages are never available under the ADEA because Congress provided for liquidated damages as punishment in cases of willful violations. The Court also reasoned that allowing ADEA plaintiffs to receive more damages in a court action than in an agency action would thwart the Congressional purpose to promote reconciliation between employer and employee. *Id.* at 967. And in *Perrell v. Financeamerica Corp.,* 726 F.2d 654 (10th Cir.1984), the Court held that damages available under the ADEA are only those specifically enumerated by Congress in the ADEA.

---

1. The ADEA provides that the Court may award liquidated damages in cases of willful viola-

tions. 29 U.S.C. § 629.

The ADEA does not refer to prejudgment interest. The reasoning of *Blim* and *Bruno* and the holding of *Perrell* are applicable here. Not only is prejudgment interest not provided by the statute, but its purpose is to compensate the plaintiff for delay, and the remedy provided by Congress for that purpose is liquidated damages. The plaintiff is barred from receiving liquidated damages, and therefore he may not receive prejudgment interest.

NOW, THEREFORE,

IT IS HEREBY ORDERED that defendant's motion for partial judgment on the pleadings striking plaintiff's prayer for prejudgment interest be granted.