PUBLISH

F I L E D
United States Court of Appeals
Tenth Circuit

NOV 27 2002

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARLOS VILLESCAS,

        Plaintiff - Appellee,

    v.

SPENCER ABRAHAM, Secretary of
the Department of Energy,

        Defendant - Appellant.

No. 01-1389

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 97-B-1955)**

---

Ara B. Gershengorn, Attorney, Appellate Staff Civil Division, Department of
Justice, Washington, D.C. (Robert D. McCallum, Jr., Assistant Attorney General;
Marleigh D. Dover and August E. Flentje, Attorneys, Appellate Staff Civil
Division, Department of Justice, Washington, D.C.; and John W. Suthers, United
States Attorney, District of Colorado, Denver, Colorado, with her on the briefs),
for Defendant - Appellant.

Darold W. Killmer (Mari Newman with him on the brief), Miller, Lane, Killmer &
Greisen, LLP, Denver, Colorado, for Plaintiff - Appellee.

---

Before **BRISCOE**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

---

**ANDERSON**, Circuit Judge.

---

Appellant Spencer Abraham, Secretary of the Department of Energy, appeals from a district court judgment awarding Carlos Villescas, a federal employee, $50,000 in compensatory damages for emotional distress, and $152,530.85 in attorney's fees and costs on a retaliation claim under the Age Discrimination in Employment Act, 29 U.S.C. § 633a (ADEA).

The narrow dispositive question is whether 29 U.S.C. § 633a(c) waives the sovereign immunity of the United States from an ADEA action seeking solely compensatory damages for emotional distress arising from retaliation for engaging in protected conduct. We hold that it does not. Accordingly, exercising jurisdiction under 28 U.S.C. § 1291, we reverse the judgment of the district court awarding damages, fees and costs against the appellant.

## BACKGROUND

### A.

As relevant to this appeal—and little of that remains from this litigation—Carlos Villescas, an employee of the Department of Energy from 1979 to 1989,[1] was asked by a former co-worker to testify against the Agency in both

---

[1]In 1989 Mr. Villescas became the Deputy District Director in the Denver District of the United States Equal Employment Opportunity Commission.

administrative and court proceedings brought by that employee under Title VII[2] and the ADEA. When Villescas agreed, he was subjected by the Deputy General Counsel of the Western Area Power Authority (WAPA), a part of the Department of Energy, to an exceptionally intrusive and visible investigation into his private life and alleged wrongdoing on the job. After Villescas testified against the government, the same Deputy General Counsel referred information gleaned from her investigation to the Inspector General (IG) of the Department of Energy. The referral was in the form of a complaint, replete with accusations and strong suggestions for severe action against Villescas. The IG declined to act on this complaint, stating, essentially, that the quality of the allegations was insignificant and also citing statute of limitations grounds.

On April 6, 1998, Mr. Villescas filed his Amended Complaint in this action, alleging that the Department of Energy and the Department of Justice violated his rights under Title VII and his rights under § 633a of the ADEA, by retaliating against him for his agreement to testify and his testimony in support of another worker's Title VII and ADEA claims. Appellant's App. at 21-33. His retaliation claims were identical: alleged wrongful investigation and wrongful

---

[2]Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 (Title VII).

referral to the IG.  Id.  He also alleged that the defendants violated the Privacy Act of 1974, 5 U.S.C. § 552a(g)(5).

The Amended Complaint sought declaratory and injunctive relief as to past and future retaliation and any adverse employment actions; actual economic damages; compensatory damages, including those for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses; pre- and post-judgment interest; and attorneys' fees and costs.  Appellant's App. at 32.

The Privacy Act claim and the entire action against the Department of Justice were dismissed on motions by the defendants.  The Title VII claim against the Secretary of the Department of Energy was tried to a jury beginning on December 4, 2000.  The jury returned a verdict against Villescas, specifically finding that the Secretary had taken no adverse action against him.  Id. at 96.

On December 11, 2000, several days after the jury trial, Mr. Villescas' ADEA claim was tried to the court in a trial lasting less than one day.  The court, relying on evidence introduced at the jury trial and some additional testimony by Mr. and Mrs. Villescas, found that the investigation and referral in question constituted unlawful retaliation for testifying in an ADEA case, causing Mr. Villescas emotional distress.  Specifically, the district court found that the investigation was likely to deter Villescas from testifying (although it did not),

and that the investigation and referral carried a "significant risk of damage to reputation and humiliation," Id. at 89-90 (although no damage to reputation was found).

The district court then found that Mr. Villescas suffered damage in the form of "humiliation, embarrassment [and] emotional distress . . . ." id. at 91, and awarded him $50,000.00 as compensation solely for that damage. Id. at 92, 96. The court subsequently awarded Mr. Villescas attorney's fees in the amount of $150,192.50, plus interest, and costs in the amount of $2,338.35.

**B.**

This appeal from the judgment on those amounts is significant for what is not appealed, and therefore conceded, as much as for the narrow, and solely legal question presented. As to the former, we take it as conceded by the government (unless sovereign immunity overrides such a concession), that 29 U.S.C. § 633a(a) encompasses claims for retaliation; and that the retaliation in this case caused Mr. Villescas emotional distress and humiliation. We also take it as conceded by the government that the investigation and referral in question constituted the type of "personnel actions" contemplated by § 633a(a), even though they did not affect Mr. Villescas' job, pay, promotion prospects or other economic incidents of employment in any way.

-5-

Likewise, we take it as conceded by Mr. Villescas that he suffered no damage <u>except</u> emotional distress and humiliation (in which we include embarrassment), and is entitled to no relief on other grounds.  In short, then, this federal employee ADEA retaliation action, as presented to us, boils down to one for compensation for non-economic, intangible harms of emotional distress and humiliation, and attorney's fees.

As for what is appealed, the government raises the following two legal issues:  (1) Does 29 U.S.C. § 633a(c), which authorizes "legal or equitable relief," permit an award of compensatory damages in an action solely for emotional distress? and (2) Does sovereign immunity preclude such an award under § 633a(c)?  Appellant's Br. at i.  The government also challenges the award of attorney's fees.  The issues as stated by the government make no mention of retaliation as the cause of action. For his part, Mr. Villescas insists, correctly, that the issues relate not just to compensatory damages for discrimination generally, but specifically to retaliation for engaging in protected conduct—which is what was alleged in the district court and is the basis for the court's findings and judgment.

These are all legal questions which we review *de novo*.

**DISCUSSION**

**I.**

The government's two issues, as we recast them, are whether § 633a(c) of the ADEA permits separate damages for emotional distress in a retaliation claim, and whether such damages are precluded by sovereign immunity.[3]  Those issues tend largely to overlap for purposes of our disposition, since it is Villescas' view that § 633a(c) unequivocally permits such damages.  That is, if the statute clearly permits separate compensatory damages for emotional distress in a retaliation case, it follows that Congress waived the government's immunity from actions for those damages.  However, it is more appropriate to address the subject under the constraints of sovereign immunity.

> A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, see, *e.g., United States v. Nordic Village, Inc.,* 503 U.S. 30, 33-34, 37 (1992), and will not be implied, *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990).  Moreover, a waiver of the Government's sovereign immunity will be strictly construed . . . .

---

[3]Inexplicably, the government did not raise the issue of sovereign immunity in the district court in either a timely or adequate fashion; so, as a practical matter, the district court had no opportunity to consider the question.  However, the issue cannot be waived by government attorneys, and we are required to address it even though raised for the first time on appeal.  See United States v. Richman (In re Talbot), 124 F.3d 1201, 1205 (10th Cir. 1997); Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir. 1991).

Lane v. Pena, 518 U.S. 187, 192 (1996). The Court will "constru[e] ambiguities in favor of immunity," United States v. Williams, 514 U.S. 527, 531 (1995). And, "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Lehman v. Nakshian, 453 U.S. 156, 161 (1981).

## A.

In general, as to non-government employees, the ADEA, enacted in 1967, (codified as amended at 29 U.S.C. §§ 621-34), "broadly prohibits arbitrary discrimination in the workplace based on age." Lorillard v. Pons, 434 U.S. 575, 577 (1978). The substantive anti-discrimination provisions of the Act are patterned on Title VII, while its remedial and procedural provisions are based on parts of the Fair Labor Standards Act of 1938 (FLSA),[4] subject to certain modifications and limitations. 29 U.S.C. § 626(b); see McKennon v. Nashville Banner Pub'g Co., 513 U.S. 352, 357 (1995); Comm'r v. Schleier, 515 U.S. 323, 325-26 (1995); Oscar Mayer & Co. v. Evans, 441 U.S. 750, 756 (1979); Lorillard, 434 U.S. at 578-80.

In a private-sector ADEA suit the district court is authorized to afford "such legal or equitable relief as may be appropriate to effectuate the purposes

---

[4]29 U.S.C. §§ 211, 215, 216 and 217.

of" the ADEA. 29 U.S.C. § 626(b) and (c). That relief may include "without limitation" judgments compelling reinstatement, backpay, payment of wages owed, injunctive relief, declaratory judgment, attorney's fees, "and an additional equal amount as liquidated damages . . . . [i]n cases of willful violations of [the Act]." 29 U.S.C. § 216(b); see Schleier, 515 U.S. at 323; McKennon, 513 U.S. at 357.

Both the FLSA and the ADEA contain separate subsections specifically prohibiting retaliation for engaging in conduct protected by those Acts. 29 U.S.C. § 215(a)(3) and 29 U.S.C. § 623(d). The remedies section of the FLSA, § 216(b), incorporated into the ADEA, at 29 U.S.C. § 626(b), specifically refers to § 215(a)(3) and states that any employer who violates that subsection "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of" that specific section. 29 U.S.C. § 216(b).

**B.**

In 1974 the ADEA was amended to cover federal employees. In 1978, Congress amended § 633a to make it clear that the section relating to federal employees was independent of and unaffected by the FLSA and sections of the ADEA relating to private sector employees. As amended, § 633a provides in relevant part as follows:

-9-

**§ 633a.     Nondiscrimination on account of age in Federal Government employment**

**(a)     Federal agencies affected**

<u>All personnel actions affecting employees</u> or applicants for employment who are at least 40 years of age . . . in executive agencies . . . <u>shall be made free from any discrimination based on age</u>.

**(b) Enforcement by Equal Employment Opportunity Commission . . . ; remedies; . . .**

Except as otherwise provided in this subsection, the Equal Employment Opportunity Commission is authorized to enforce the provisions of subsection (a) of this section through <u>appropriate remedies, including reinstatement or hiring of employees with or without backpay, as will effectuate the policies of this section.</u>

. . .

**(c) Civil actions; jurisdiction; relief**

<u>Any person aggrieved may bring a civil action</u> in any Federal district court of competent jurisdiction <u>for such legal or equitable relief as will effectuate the purposes of this chapter.</u>

. . .

**(f) Applicability of statutory provisions to personnel action of Federal departments, etc.**

<u>Any personnel action</u> of any department, agency, or other entity referred to in subsection (a) of this section <u>shall not be subject to, or affected by, any provision of this chapter, other than the provisions of section 631(b) of this title and the provisions of this section.</u>

29 U.S.C. § 633a (emphasis added).

In characterizing § 633a, the Supreme Court observed that by its enactment, "Congress deliberately prescribed a distinct statutory scheme applicable to the federal sector, and one based not on the FLSA but . . . on Title VII . . . ." Lehman, 453 U.S. at 166-67. The Court emphasized that under § 633a, federal personnel actions, in addition to being free of any application of the FLSA, "are not subject to any other section of ADEA"[5]; and that § 633a is "self-contained and unaffected by other sections." Id. at 168.[6]

Against this backdrop, we address the issue in this case without pausing to examine whether any action for retaliation is permissible at all under § 633a, given the fact that § 633a(f) excludes the anti-retaliation provisions of the FLSA and the ADEA. See 29 U.S.C. §§ 215(a)(3), 623(d). The government accepts the existence of such a cause of action pursuant to regulations issued by the EEOC (presumably under the rule-making grant of authority in § 633a(b)). See Appellant's Br. at 4 (citing 29 C.F.R. § 1614.101 (statement of general policy)).

_____

[5]The court, of course, noted one exception – the explicit reference to §631(b) found in §633a(f) – but it was not relevant there and is not relevant here.

[6]The Conference Report accompanying the Age Discrimination in Employment Act Amendments of 1978 states that "[t]he House Bill also makes it clear that section 15 of the act relating to Federal employees is independent of any other section of the act, except section 12(b) which contains the age limitation for Federal employees." H.R. Conf. Rep. No. 95-950, at 11 (1978), reprinted in 1978 U.S.C.C.A.N. 528, 532.

The House Report on the same Act states that "[s]ection 15 of the act which prohibits employment discrimination on account of age in Federal Government employment is complete in itself." H.R. Rep. No. 95-527, pt. 1, at 11 (1977).

This court has assumed the existence of such a cause of action.  See Lujan v.

Walters, 813 F.2d 1051, 1052, 1058 (10th Cir. 1987); cf. Forman v. Small, 271

F.3d 285 (D.C. Cir. 2001)(finding a cause of action for retaliation under §633a).

**C.**

No circuit has decided whether the "legal or equitable relief" clause of

§ 633a(c) waives sovereign immunity from damages for emotional distress in an

age discrimination action based on retaliation.  As the government correctly

points out, it is established law in this and most other circuits that, in general,

separate damages for emotional distress are not available under identical "legal or

equitable relief" clauses in private sector ADEA cases.[7]  See Perrell v.

FinanceAmerica Corp., 726 F.2d 654, 657 (10th Cir. 1984) (damages not

permitted for psychological pain and humiliation in ADEA cases) (citing cases);

see also Schleier, 515 U.S. at 326 ("[T]he Courts of Appeals have unanimously

held, and respondent does not contest, that the ADEA does not permit a separate

---

[7]Subsection 626(b) provides in part:  "In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation . . . ."  Subsection 626(c)(1), as amended, provides in part:  "Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter." 29 U.S.C. §§ 626(b) and 626(c).

recovery of compensatory damages for pain and suffering or emotional distress.")
(citations and note omitted).

In Smith v. Office of Pers. Mgmt., 778 F.2d 258, 261-62 (5th Cir. 1985),
the Fifth Circuit, applying sovereign immunity analysis, extended the general rule
against damages for emotional distress to actions under § 633a, reasoning that
Congress did not intend to provide broader relief to federal employees than for
private sector employees.[8] We agree. There is no reason why our rule in Perrell
does not apply to cases brought under § 633a.

Mr. Villescas concedes that in general courts will not award separate
damages for emotional distress in ADEA cases. However, he contends that
retaliation cases are an exception to the general rule. See Appellee's Opening Br.
at 16-18. His principal support for that argument is a trio of Seventh Circuit
cases: Moskowitz v. Trustees of Purdue University, 5 F.3d 279 (7th Cir. 1993);
Soto v. Adams Elevator Equip. Co., 941 F.2d 543 (7th Cir. 1991); and Travis v.
Gary Community Mental Health Center, Inc., 921 F.2d 108 (7th Cir. 1990).

---

[8]In another case under the ADEA we have noted that a "rule more favorable
to litigants against the government than to litigants against private employers
seems unlikely." Jones v. Runyon, 32 F.3d 1454, 1455 (10th Cir. 1994) (ruling
that a statute of limitations more favorable against the government than against
private parties is barred by principles of sovereign immunity).

The district court relied exclusively on Moskowitz. Appellant's App. at 90. However, Moskowitz and Soto, as they must, simply recognize the controlling circuit authority announced in Travis (an FLSA case statutorily applicable to private ADEA actions, § 626(b)), and add no substantive holding or extensive reasoning on the issue in question.

In Travis the Seventh Circuit was confronted by a 1977 amendment to the FLSA by which Congress inserted a new and separate remedy provision for retaliation claims.[9] The court observed that legislative history on this unique insertion was nil, so Congress must have intended that courts should decide the extent of the remedies allowed. Id. at 112. It went on to reason that retaliation fell into the category of intentional torts for which the term "legal" relief meant the whole range of common law damages, including "[c]ompensation for emotional distress, and punitive damages." Id.

Travis (hence Moskowitz and Soto), is easily distinguished from a federal employee action under § 633a. One begins with the obvious and material facts that Travis deals with an FLSA statute expressly excluded from affecting § 633a by § 633a(f); it does not analyze under the strictures of sovereign immunity; and

---

[9]"Any employer who violates the provisions of section 15(a)(3), of this Act [29 U.S.C. § 215(a)(3)] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 15(a)(3), including without limitation . . . ." Travis, 921 F.2d at 111, (quoting Pub. L. 95-151, 91 Stat. 1252 (1977) (codified at 29 U.S.C. § 216(b)).

-14-

its view of damages includes punitive damages—highly unlikely by implication against the sovereign in an immunity analysis.  Cf. Bruno v. Western Elec. Co., 829 F.2d 957, 966-67 (10th Cir. 1987) (punitive damages not available in ADEA cases).  Another significant difference between private and federal employee ADEA actions is that "legal" relief under § 626(b) confers the entitlement of trial by jury, while "legal" relief under § 633a(c) does not, because the statute does not expressly permit it.  Compare Lorillard, 434 U.S. at 583-85 with Lehman, 453 U.S. at 165-68.

But, there are at least two more very important differences.  First, the FLSA text in question[10] finds no counterpart in § 633a.  "Congress did not incorporate the FLSA enforcement scheme into [§633a]."  Nashkin, 543 U.S. at 163.  The 1977 Amendment to the FLSA focused expressly on § 215(a)(3), the FLSA retaliation section,— as the Travis court observed.  Travis, 921 F.2d at 111.

Second, the 1977 FLSA amendment reminds us that Congress knows how to single out certain conduct when it wants to (e.g., the liquidated damages provision for willful discrimination contained in § 626(b) of the ADEA), which makes the 1978 amendment to the federal sector ADEA particularly significant. As discussed above, in 1978 Congress amended § 633a.  In so doing, it not only chose not to single out retaliation claims for some separate range of remedies as it

---

[10]See footnote 7, *supra*.

had done just one year earlier for FLSA cases, but it barred the importation of the FLSA (including the 1977 amendment considered in Travis), and other ADEA provisions, from any application to § 633a. See 633a(f).

Furthermore, Congress had another opportunity to enlarge the remedies available under the federal employee ADEA when it amended Title VII and other Acts in the Civil Rights Act of 1991 to permit compensatory damages, subject to caps, and it conspicuously chose not to do so for ADEA claims. 42 U.S.C. § 1981a(a)(1), (2), (b)(1), (2), (3).

Besides the Travis/Moskowitz/Soto contention, which for the reasons stated, we find unpersuasive in this context, Mr. Villescas argues more generically that "legal" relief, as used in § 633a(c), by definition includes common law compensatory damages for emotional harm. In support he cites cases standing generally for the proposition that legal relief means compensatory damages. He also contends that foreclosing that avenue under § 633a(c) is to read "legal relief" out of the statute since § 633a(b) mentions only equitable relief such as backpay and reinstatement. The first argument is answered by our decision in Perrell, which addressed an identical "legal or equitable relief" provision. The second argument is answered two ways. The remedies mentioned in § 633a(b) are only examples following the word "including" and describing the larger term of "appropriate remedies." And, in any event, Villescas cannot have it

both ways: importing by implication a cause of action for retaliation, while excluding "legal" relief for unpaid wages.

Mr. Villescas cites no other cases to us which merit discussion. They are either district court cases controlled by the <u>Travis</u> trilogy, are irrelevant, contain no holding on point, or are otherwise distinguishable.[11] Likewise, his reliance on a general statement in the EEOC Compliance Manual is unavailing. Appellee's Br. at 20 (citing EEOC Directive No. 915.003: Retaliation, EEOC Compliance Manual, Section 614, Vol. 2, 8-III(B)(1) at p. 17); <u>see</u> <u>also</u> EEOC Directive No. 915.003 at 14, note 47 (1997) (noting that compensatory and punitive damages are available under the ADEA for retaliation claims.). It does not address § 633a and at least in part is directly contrary to our denial of punitive damages in <u>Bruno</u>. In any event, such "guidance" in a manual is not entitled to any special deference by our court. <u>See</u>, <u>e.g.</u>, <u>Pack v. Kmart Corp</u>, 166 F.3d 1300 (10th Cir. 1999), <u>cert. denied</u>, 528 U.S. 811 (1999).

---

[11]Mr. Villescas does not cite or rely on <u>Passer v. American Chem. Soc'y</u>, 935 F.2d 322 (D.C. Cir. 1991), a case highlighted in <u>Moskowitz</u>. Perhaps Mr. Villescas does not rely on <u>Passer</u> because its holding was limited to whether or not a private sector cause of action existed, not to what type of damages were available; and, in addition to alleged humiliation, there was a claim for consequential damages relating to future employability. Furthermore, <u>Passer</u>, of course, did not address § 633a, or sovereign immunity.

**D.**

We conclude that Congress did not intend to create a two-tiered system of damages under § 633a(c), waiving the government's immunity from open-ended damages for emotional distress related to discrimination based on retaliation, as differentiated from all other forms of discrimination. Neither the text of the statute nor the legislative history support the claim that the language in § 633a(c) contains a special subcategory of damages relating to retaliation claims. To the contrary, when Congress enacted § 633a, it omitted, for example, any provision for damages for willful discrimination, as set out in § 626(b). It would be anomalous to conclude that Congress would decline to waive sovereign immunity for capped damages for willful discrimination, yet be deemed to have waived sovereign immunity for unlimited compensatory damages for intangible, non-economic injuries such as emotional distress (notwithstanding the former is punitive and the latter compensatory). That conclusion is further bolstered by the fact that Congress had opportunities both in 1978 and 1991 to extend common law tort compensatory damage relief to apply to federal worker suits under § 633a, and declined to do so. We must presume that Congress was aware at those times, and during all the years since 1974 when § 633a was passed, that the general rule announced by the courts was to forbid damages for emotional distress, and chose not to interfere with that rule.

We adhere to the view we stated in <u>Bruno</u>, that the central purpose of the ADEA is to protect the older workers' standing in the workplace. <u>Bruno</u>, 829 F.2d at 967; <u>see also</u>, <u>e.g.</u>, <u>Smith</u>, 778 F.2d at 262 (finding that "§633a was designed to provide federal employees protection from age discrimination."). And, in sum, we hold that in § 633a, Congress did not expressly and unambiguously waive the government's sovereign immunity from separate compensatory damage awards for emotional distress and humiliation.

We, of course, express no opinion with respect to whether compensation for emotional distress would be available in a private sector retaliation claim under § 626(b).

## II.

The district court granted attorney's fees under the ADEA. Alternatively, Mr. Villescas claims that they are sustainable under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1994) (EAJA). Given our holding and reversal of the compensatory damage award (the only relief granted by the district court. <u>See</u> Appellant's App. at 96-97), the award of attorney's fees by the district court cannot be sustained under any theory. "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the

plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). It is not enough for a plaintiff to obtain merely the "moral satisfaction of knowing that a federal court concluded that his rights had been violated." Hewitt v. Helms, 482 U.S. 755, 762 (1987). "Of itself, 'the moral satisfaction [that] results from any favorable statement of law' cannot bestow prevailing party status." Farrar, 506 U.S. at 112 (quoting Hewitt, 482 U.S. at 762).

## CONCLUSION

For the reasons stated above, the judgment of the district court, inclusive of the award of damages, attorney's fees and costs, is REVERSED.